**W. C. H., III, a minor, Relator,**

v.

**Byron MATTHEWS, District Judge, et al., Respondents.**

**No. 17785.**

Court of Civil Appeals of Texas, Fort Worth.

April 30, 1976.

Wardlaw, Neal, Brady & Roberts, Fort Worth, for relator.

Tim C. Curry, Dist. Atty., and Marvin Collins, Asst. Dist. Atty., Fort Worth, for respondents.

## OPINION

PER CURIAM.

Hearing was of a Petition for Writ of Prohibition.

The sixteen year old minor in this case was one as to whom the juvenile court had waived its exclusive original jurisdiction and certified transfer of him to the criminal district court to be there tried for the crime of murder. V.T.C.A., Family Code, Sec. 54.02, "Waiver of Jurisdiction and Discretionary Transfer to Criminal Court."

From this order an appeal has been perfected and is presently pending for hearing at a later date. Section 56.01, "Right to Appeal."

Following indictment by the Grand Jury, examining trial by the criminal district court, certification for trial, and all essential preliminaries ensuing after the certification of the juvenile court the case against the minor was set for trial in the criminal district court. At this stage of proceedings the minor, by and through next-friend, came into this court seeking leave to file Petition for Writ of Prohibition to prevent trial in the criminal district court pending our disposition of his appeal of the juvenile court's order. Leave to file was granted and the Petition for Writ of Prohibition heard.

Prohibition denied.

■ Appeal having been perfected from the certification by the juvenile court this court is authorized to issue all writs necessary to enforce its jurisdiction; should we issue a Writ of Prohibition in the protection of our appellate jurisdiction there would not be *original jurisdiction* of the Supreme Court to disturb our order. *Ammex Warehouse Company v. Archer*, 381 S.W.2d 478 (Tex.Sup., 1964).

By our issuance of such writ there would be attendant delay of trial of the minor for the offense of which he is charged by the criminal district court. Test of propriety of the transfer order of the juvenile court upon the appeal presently pending could entail a period of years in a final determination. Possible is that it could be the Supreme Court of the United States which would make the final determination of the propriety of the certification.

Should ultimate decision be that because of some procedural impropriety it was error for the juvenile court to certify transfer of the minor for trial in the criminal district court there would be necessity for the juvenile court to consider anew the propriety of an identical order of transfer. It could very well develop that by the time for such hearing the juvenile court could find itself

without jurisdiction because the minor had attained the age of 18 years. See Subsec. (j) of Sec. 54.02 of the Family Code. Except for the exceptions of the Subsection a person who has become an adult may not be controlled by the juvenile court. The requisite jurisdiction over the person might therefore have come to an end so that such court could not certify him anew by Sec. 54.02.

The question is: Is it manifestly necessary that we should presently exercise our jurisdiction to grant a Writ of Prohibition because the action intended in criminal district court will interfere with our appellate jurisdiction?

 We have considered the matter of interference with our jurisdiction in light of several possible results which might occur as result of refusal to grant the writ. We have concluded that until such time as threatened action would constitute certain interference with our appellate jurisdiction we should exercise our discretion to refuse to grant a Writ of Prohibition, in that the intended trial in the criminal district court would not amount to certain interference therewith. A Writ of Prohibition will lie only in case of manifest necessity. *Herring v. Houston Nat. Exch. Bank*, 113 Tex. 337, 255 S.W. 1097 (1923).

Respondents have aptly stated that for us to set a precedent and issue a Writ of Prohibition in this case would invite every juvenile hereafter certified for adult prosecution to routinely appeal, then apply for Writ of Prohibition; that the result would be for the "wheels of justice to slowly grind to a halt" while the issue of validity of certification is litigated through the appellate courts.

Of interest are the cases: *Moreno v. State*, 511 S.W.2d 273 (Tex.Crim.App., 1974), and *Moreno v. State*, 510 S.W.2d 116 (Tex.Civ.App., Tyler, 1974, writ ref., n. r. e.). There a minor certified to criminal district court for trial was tried while his appeal from the certification pended in the Tyler Court of Civil Appeals. He was tried by the criminal district court and convicted, and from that conviction he took an appeal

to the Court of Criminal Appeals. Both appeals pended simultaneously. Apparently the minor did not seek a Writ of Prohibition of the Tyler Court of Civil Appeals, or if he did, leave to file the same was denied without an opinion. Evidenced by the above cited opinions is that in the present instance the criminal district court certainly had jurisdiction; that the matter with which we are concerned is the exercise of jurisdiction by, and not of presence or absence of jurisdiction in, the criminal district court to which there has been certification by the juvenile court.

Important to be remembered is that one primary and compelling reason for speedy and decisive application of the criminal law is to instill and foster the confidence of the victim of crime, and like confidence of his family and kinsmen, that administration of justice and punishment for crime may be safely left to the courts, and that these persons not yield to the natural human desire for vengeance.

Here we conclude that at the present time the greater possibility of injustice would lie in the granting, rather than in the refusal, of prohibition.

The Petition for Writ of Prohibition is denied.