**Rene GUERRA, Relator,**

v.

**Homero GARZA, Respondent.**

No. 72,931.

Court of Criminal Appeals of Texas.

Feb. 17, 1999.

Homero Garza, Judge, Edinburg, for appellant.

Rene A. Guerra, DA, Edinburg, Matthew Paul, State's Atty., Austin, for the State.

## OPINION

KEASLER, J., delivered the opinion of the Court, in which McCORMICK, P.J., and MANSFIELD, KELLER, PRICE, HOLLAND, and WOMACK, J.J., joined.

Beginning in July, 1997, Hidalgo County Judge Homero Garza conducted "bail review" hearings at the jail for inmates awaiting formal charges. Although a municipal judge, acting as a magistrate, had already set bonds for these individuals, Judge Garza changed their status from surety to personal bonds. The prisoners had not filed writs of habeas corpus. The District Attorney applied to this Court for writs of mandamus and prohibition, contending that Judge Garza lacked jurisdiction to grant personal bonds in these cases. We agree.

Judge Garza stated that he conducted the hearings and took action in response to a chronic jail over-crowding problem. Every Friday, Judge Garza would review the circumstances of all inmates who had been incarcerated for ten days or more and were unable to post bail. There is no question that, as a statutory county court judge, Judge Garza qualifies as a magistrate. Nevertheless, a qualified magistrate had already exercised jurisdiction over the bail issues, and no one had done anything to prompt or solicit Judge Garza's intervention. He acted unilaterally.

Judge Garza cites Article 17.03, V.A.C.C.P., as authority for his actions. It states that "[o]nly the court before whom the case is pending may release the defendant on his personal bond——[in certain specific offenses]." He contends that since none of the bonds he set falls into the listed categories, he is free to set personal bonds. He points out that he has not changed the *amounts* of the bonds; he has only changed their *status* from surety to personal.

But in order to change the bonds already properly set by a magistrate with jurisdiction to set them, Judge Garza must first have jurisdiction over the cases. We addressed

this issue in 1978 in *Ex Parte Clear.*[1] In that case, a Justice of the Peace acting as a magistrate properly set Clear's bail at one thousand dollars in an aggravated assault case. Three days later, a district court conducted a "forty-eight hour hearing," the purpose of which was "to review and to set bonds ..."[2] The district court raised Clear's bail to two thousand dollars. We held that since the justice of the peace had properly assumed jurisdiction over the case, and nothing had been done to invoke the district court's jurisdiction, the district judge had "exceeded his authority by usurping the lawful jurisdiction of the justice court." We concluded that at the time the district court increased the bail, the justice court "possessed *sole jurisdiction over th[e] complaint* ... to the exclusion of all other courts."[3]

Judge Garza's motives were laudable, but his actions were premature. And if we were to ratify them, it could lead to a chaotic bail system, where unilateral, unbidden judicial actions abound, where all judges have jurisdiction over all things at all times, and where forum shopping to reduce or increase bail amounts flourishes. This would be unacceptable.

█ Mandamus and prohibition are extraordinary proceedings to be used sparingly. We must preserve judicial independence, and we do not wish to discourage judicial innovation to solve administrative problems. Yet, innovation in this case, albeit well-intentioned, exceeded lawful authority. We conclude that mandamus and prohibition are the only adequate remedies to address the problem at hand.

Judge Garza's orders granting personal bonds should be vacated. Relator is entitled to writs of mandamus and prohibition from this Court, ordering the judge to vacate the orders and directing him not to enter any more of them. As is our custom, we will withhold issuance of the writs and give Judge Garza the opportunity to conform his actions to this opinion. Only if he does not do so will the writs of mandamus and prohibition issue.

MEYERS, J., concurs with note.

JOHNSON, J., concurs in the result.

MEYERS, concurs with note:

I agree with the majority that Relator is entitled to writs of mandamus and prohibition ordering Judge Garza to vacate his orders granting personal bonds and to direct him not to enter any more such orders. The Court says these are "the only adequate remedies to address the problem at hand." Judge Garza's actions are presumably viewed by the majority as "the problem at hand." To me, the "problem at hand" is that which Judge Garza's actions attempted to address, the overcrowding of jails. As to this problem, the only remedy available defendants, apart from legislation providing for more facilities, is through writs of habeas corpus.