Gregory Lee McCOY, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–96–01418–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 24, 1999.

W.B. House, Jr., Houston, for appellant.

B. Warren Goodson, Jr., Galveston, for appellee.

Panel consists of Justices ANDERSON, EDELMAN, and SEARS.*

## OPINION

ROSS A. SEARS, Justice (Assigned).

Appellant, Gregory Lee McCoy, pleaded not guilty to the offense of aggravated sexual assault with a deadly weapon. *See* TEX. PEN.CODE ANN. § 22.021(a)(1)(A)(ii), (2)(A)(iv) (Vernon 1993).[1]  He was convict-

---

* Senior Justice Ross A. Sears sitting by assignment.

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code.

ed, and the jury assessed punishment at thirty years' confinement in the Texas Department of Criminal Justice, Institutional Division. Appellant asserts nine points of error. In his first six points, he contends the trial court erred by not striking certain jurors for cause. In his seventh point of error, appellant asserts he was denied the effective assistance of counsel for failure to exercise peremptory challenges on certain jurors appellant alleges should have been struck for cause. In his final two points of error, appellant asserts the trial court erred in failing to grant a new trial and a hearing on this motion. We affirm

### Background

During voir dire, the State qualified the veniremen on the issue of whether they could consider probation for the offense charged, aggravated sexual assault. All but one venireman, who the trial court struck for cause, indicated they could consider probation "under appropriate circumstances." When appellant was questioning the veniremen, he attempted to disqualify the veniremen by asking whether they could consider or give probation when violence was involved, a fact specific to his case. Fourteen veniremen indicated they would not consider or give probation to a person guilty of aggravated sexual assault if violence was involved. Appellant asked the trial court to allow individual questioning of these veniremen. The trial court refused stating "they spelled out their position amply." The trial court then denied appellant's request to strike these veniremen for cause. Appellant exhausted his ten peremptory strikes by striking six of the fourteen and four additional veniremen. The State struck two more of the fourteen leaving six of the fourteen to serve on the jury.

### Analysis

■ In points of error one through six, appellant argues the trial court erred in denying his challenges for cause against

See Acts 1993, 73 rd Leg., ch. 900, § 1.18(b). Therefore, all references to the penal code are

veniremen Thurman, Lopez, Stephens, Stewart, Partain, and Thyssen. Appellant's challenges were based on these jurors' inability to consider probation in an aggravated assault case *involving violence.*

We will assume appellant properly preserved his first six points of error. *See Green v. State,* 934 S.W.2d 92, 105 (Tex. Crim.App.1996). The controlling issues for appellant's first six points of error is whether appellant's voir dire questioning regarding probation was proper and whether the answers disqualified certain jurors.

■ "[J]urors must be willing to consider the full range of punishment applicable to the offense submitted for their consideration." *Fuller v. State,* 829 S.W.2d 191, 200 (Tex.Crim.App.1992); *see Sadler v. State,* 977 S.W.2d 140, 142 (Tex.Crim. App.1998). In other words, a juror must be able to conceive of both a situation in which the maximum penalty would be appropriate, and a situation in which the minimum penalty would be appropriate, for a particular offense as charged in the indictment. *See Sadler,* 977 S.W.2d at 142 (citing *Fuller,* 829 S.W.2d at 200). To ascertain the views of the veniremen on issues pertinent to a fair determination of the case, the Texas Court of Criminal Appeals permits the use of hypothetical fact situations to help explain the application of the law. *See Nunfio v. State,* 808 S.W.2d 482, 484 (Tex.Crim.App.1991). It is improper, however, to use a hypothetical question to commit veniremen to a specific set of facts. *See Sadler,* 977 S.W.2d at 142–43; *Dinkins v. State,* 894 S.W.2d 330, 345 (Tex.Crim.App.1995). In assessing a venireman's capacity to consider the full range of punishment, we will not focus on an isolated answer or passage of a venireman's testimony, but on his voir dire testimony as a whole. *See Allridge v. State,* 850 S.W.2d 471, 482 (Tex.Crim.App.1991).

to the code in effect at the time the crime was committed.

To explain the law and properly qualify the veniremen on whether they could consider probation for *aggravated sexual assault,* the State propounded the following hypothetical:

You just have to be able to consider probation if the facts of the case are appropriate for it. Let me give you an example. You have a young man who is 17 years-old. In Texas, 17 is the age of majority for criminal law purposes. He's reached 17.

He's 17 and one day. He's an honor student. He's captain of the football team. He's dating a girl a good deal younger than him. She's not quite 14. They grew up together. Their families know each other, but she hasn't reached 14 yet.

If he has sex with her even if she says yes and there's no violence, there's no weapon, it's consensual but under Texas law it's not because at that age she can't legally consent.

He's never done another thing wrong. He's a good guy. They've been going together a couple of years. They have sex. He could legally be charged with aggravated sexual assault. He fits one of the definitions of aggravated sexual assault.

Only one venireman stated she could not consider probation for an aggravated sexual assault case under any circumstance. The trial court struck her for cause. All the others answered that they could, under certain circumstances, consider probation for the offense of aggravated sexual assault. Therefore, the State properly qualified all the remaining venireman.

■ Later, appellant's attorney questioned the veniremen as to whether they *could consider or give* probation if violence was involved in an aggravated sexual assault, a specific fact of his case.[2] Several of the veniremen responded some by a simple raise of the hand that they could not give probation if violence was involved. In response to a relevance objection by the State, appellant's trial counsel correctly noted that the answer to the question, whether a venireman could consider or give probation in an aggravated sexual assault involving violence, was only relevant to help him determine the most effective method to exercise his peremptory challenges. No further questions regarding probation were asked of these veniremen. Because the judge refused to strike these veniremen for cause, appellant contends the trial court erred.

■ Appellant's questions were improper to disqualify the veniremen for cause. Appellant does not have the right to commit the veniremen to a particular set of violent, outrageous, or disturbing facts in an attempt to disqualify the veniremen. *See Sadler,* 977 S.W.2d at 142–43; *White v. State,* 629 S.W.2d 701, 706 (Tex.Crim.App. 1981). This is especially true when the questioning relies on facts similar to the facts of his case. *See Sadler,* 977 S.W.2d at 142–43. If this were not the case, every defendant could bust or disqualify a venire panel by asking the veniremen if they could consider probation in a violent or disgusting aggravated sexual assault by relating the despicable facts specific to his case. To the contrary, a juror must only be able to *consider* probation in punishment. *See id.; Maddux,* 862 S.W.2d at 591 n. 2. As the State's hypothetical explained, not all aggravated sexual assaults involve violence. *See* TEX. PEN.CODE ANN. § 22.021(a)(2)(B). The veniremen are not disqualified merely because they would not consider probation under the specific facts peculiar to the defendant's acts for which he is on trial. We find appellant's questioning was an improper attempt to disqualify the veniremen. Thus, appellant's challenge for cause had no basis. Accordingly, the trial court did not abuse its discretion, and we overrule appellant's first six points of error.

■ In his seventh point of error, appellant asserts he was denied the effective

---

**2.** A juror is not required to commit to giving probation, but only *consider* probation for the offense charged. *See Maddux v. State,* 862 S.W.2d 590, 591 n. 2 (Tex.Crim.App.1993).

assistance of counsel. Specifically, he contends his trial counsel's failure to exercise all his peremptory challenges, against veniremen who were unable to consider probation, instead of four veniremen who could consider probation, resulted in ineffective assistance of counsel.

■ A defendant in a criminal case is entitled to reasonably effective assistance of counsel. *See Ex parte Morrow,* 952 S.W.2d 530, 536 (Tex.Crim.App.1997). In determining whether a defendant has received effective assistance of counsel, Texas follows the two-prong standard articulated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Valencia v. State,* 946 S.W.2d 81, 83 (Tex.Crim.App.1997). A defendant must first demonstrate that counsel's performance was so deficient that it fell below an objective standard of reasonableness. *See Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. Judicial scrutiny of the reasonableness of trial counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See id.* at 689, 104 S.Ct. 2052. Thus, to prevail on an ineffective assistance claim, a defendant must rebut the presumption that the challenged action is considered sound trial strategy. *See id.*

■ If the first prong is met, the defendant must also show that counsel's performance prejudiced the defense. *See id.* It is not enough for the defendant to show the errors had some conceivable effect on the outcome of the proceeding. *See id.* To demonstrate prejudice, the defendant must show there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *See id.* A defendant has the burden of making this showing by a preponderance of the evidence. *See Patrick v. State,* 906 S.W.2d 481, 495 (Tex.Crim.

App.1995). When addressing the *second* prong under *Strickland,* the reviewing court should examine counsel's errors not as isolated incidents, but in the context of the overall record. *See Bridge v. State,* 726 S.W.2d 558, 571 (Tex.Crim.App.1986). Additionally, the reviewing court need not examine the second *Strickland* prong if the first cannot be met. *See Strickland,* 466 U.S. at 697, 104 S.Ct. 2052.

■ When the record contains no evidence of the reasoning behind trial counsel's actions, we cannot conclude counsel's performance was deficient. *See Jackson v. State,* 877 S.W.2d 768, 771–72 (Tex. Crim.App.1994). An appellate court is not required to speculate on the trial counsel's actions when confronted with a silent record. *See id.* at 771. "[I]f there is any basis for trial strategy to have been a reason for trial counsel's action, then further inquiry is improper." *Newsome v. State,* 703 S.W.2d 750, 755 (Tex.App.— Houston [14th Dist.] 1985, no pet.). However, if a silent record clearly indicates no reasonable attorney could have made such trial decisions, to hold counsel ineffective is not speculation. *See Vasquez v. State,* 830 S.W.2d 948, 950–51 (Tex.Crim.App.1992).

■ "Where the record [is silent as to] trial counsel's reason for failing to challenge or strike a particular veniremember, we must indulge the presumption that counsel's performance was adequate." *Hardin v. State,* 951 S.W.2d 208, 211 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (citing *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994)). Appellant's only complaint is that the questionable veniremen "could not grant probation." However, we have held those persons were not disqualified. Further, there is nothing in the record to show that they would be more favorable to the State than the four which the defense counsel struck, and there is no reason to believe that the outcome would have been different if different veniremen were struck. Accordingly, we overrule appellant's seventh point of error.

■ In his eighth and ninth points of error, appellant contends the trial court

erred in denying a hearing on his motion for new trial or, in the alternative, denying his motion for new trial. Specifically, he argues that the jury reached its decision and punishment by a quotient verdict.

Appellant originally filed a motion for new trial, but failed to assert the quotient verdict argument. Appellant's original appeal was dismissed for being filed untimely. Appellant then filed a post-conviction application for a writ of habeas corpus asserting he was denied his right to a meaningful *appeal* when his counsel failed to timely perfect his notice of appeal. *See* Tex.Code Crim. Proc. Ann. art. 11.07 (Vernon Supp.1999). The Texas Court of Criminal Appeals granted his relief stating "should applicant desire to prosecute an *appeal,* he must take affirmative steps to see that written notice of appeal is given within thirty days after the mandate of this court has issued." (emphasis added).

The Court of Criminal Appeals' mandate only gave appellant his requested relief *i.e.,* additional time to file a written notice of appeal. Appellant filed not only his written notice of appeal, but also a motion for new trial. Appellant's present points of error stem from the trial court's refusal to grant a new trial. Based on the mandate, appellant did not request and the court did not grant relief to file a motion for new trial. We find the trial court did not have jurisdiction to consider appellant's motion for new trial.[3] *See Oldham v. State,* 977 S.W.2d 354, 361 (Tex.Crim. App.1998). Therefore, we will not address any possible errors arising from the motion for new trial. Accordingly, we overrule appellant's eighth and ninth points of error.

We affirm the judgment of the trial court.

---

3. Although appellant originally filed a motion for new trial, the grounds asserted therein are not the same grounds appellant raised in the motion for new trial that the trial court erroneously considered.