NO. 12-02-00358-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


§
 APPEAL FROM THE 


THE STATE OF TEXAS FOR THE

BEST INTEREST AND PROTECTION
§
 COUNTY COURT AT LAW OF

OF D.T.


§
 CHEROKEE COUNTY, TEXAS







MEMORANDUM OPINION


 An Application for Court-Appointed Temporary Mental Health Services was filed with the
court asserting that D.T. was mentally ill and met the criteria as set out in Section 574.034 of the
Texas Mental Health Code for temporary civil commitment. The trial court held an evidentiary
hearing, at which time D.T. and her physician testified. The trial court granted the Application and
this appeal followed. In five issues, D.T. argues that her constitutional rights were violated and that
her trial attorney failed to provide her with effective assistance of counsel. We affirm. 


Constitutional Claims

 In her first four issues, D.T. asserts that when the trial court rendered judgment ordering
temporary court-ordered in-patient mental health services, it violated her state and federal guarantees
of due process of law and equal protection. To preserve a complaint for review on appeal, the action
or omission alleged as error by the trial court must have been the basis of a timely request, objection,
or motion specifying the action the trial court was requested to take, or to forbear from taking, and
an adverse ruling must have been obtained. Tex. R. App. P. 33.1(a). This rule also applies to the
preservation of constitutional claims. Tex. Dep't of Protective & Regulatory Svcs. v. Sherry, 46
S.W.3d 857, 861 (Tex. 2001). Because the record does not show that D.T.'s constitutional claims
were timely made to the trial court, we have been presented nothing for review. Accordingly, we
overrule issues one through four.


Ineffective Assistance of Counsel

 In her fifth issue, D.T. argues that her trial counsel was ineffective by failing to argue that her
due process and equal protection rights were violated by the trial court's order of involuntary
commitment. We agree with D.T. that the subject of an involuntary civil commitment proceeding has
the right to effective assistance of counsel at all significant stages of the commitment process. Lanett
v. State, 750 S.W.2d 302, 306 (Tex. App.-Dallas 1988, writ denied). The standard of review for
ineffective assistance of counsel in a civil commitment proceeding is that articulated in Strickland
v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In re H.W., 85 S.W.3d 348,
355-56 (Tex. App.-Tyler 2002, no pet.). 

 Under the first prong of Strickland's two-prong test, D.T. must demonstrate that counsel's
performance was deficient. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. In order to satisfy that
prong, D.T. must show that counsel's performance fell below an objective standard of reasonableness,
as judged on the facts of her particular case and viewed at the time of counsel's conduct. Id., 466 U.S.
at 688-90, 104 S. Ct. at 2064-66. Further, counsel is presumed to have rendered adequate assistance
and made all significant decisions in the exercise of reasonable professional judgment. McFarland
v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). 

 Once she satisfies the first prong of the Strickland test, D.T. must then show that counsel's
performance prejudiced her defense at trial. Strickland, 466 U.S. at 692, 104 S. Ct. at 2067. "It is
not enough for the Appellant to show that the errors had some conceivable effect on the outcome of
the proceeding." Id., 466 U.S. at 693, 104 S. Ct. at 2067. Rather, she must show there is a reasonable
probability that the result of the proceeding would have been different but for the errors made by
counsel. Id., 466 U.S. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient
to undermine confidence in the outcome." Id. 

 "An allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness." McFarland, 928 S.W.2d at 500. Failure to
make the required showing of either deficient performance or sufficient prejudice defeats the
ineffectiveness claim. Id. 

Analysis

 In the case before us, we have no evidence from trial counsel's perspective concerning whether
she considered challenging the constitutionality of the civil commitment proceedings and, if so, the
basis for her decision. Generally, when the record contains no evidence of the reasoning behind
counsel's conduct, we cannot conclude that counsel's performance was deficient. Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When confronted with a silent record, we are not
required to speculate as to counsel's rationale for her actions. Id.; McCoy v. State, 996 S.W.2d 896,
900 (Tex. App.-Houston [14th Dist.] 1999, no pet.). If there is any plausible basis for trial counsel's
actions, further inquiry is improper. Id. However, if a silent record demonstrates that no reasonable
trial attorney could have made the challenged trial decisions, to hold counsel ineffective is not
speculation. See Vasquez v. State, 830 S.W.2d 948, 950-51 (Tex. Crim. App. 1992).

 D.T. argues that "had trial counsel objected to the constitutionality of the referenced statutes,
and presented arguments in support thereof, the trial court would have had the opportunity to rule on
same. . . ." But she is unable to show why trial counsel did not assert D.T.'s constitutional rights, nor
is she able to demonstrate that the trial court would have ruled in her favor if she had raised those
issues. Because the record contains no evidence relating to counsel's consideration of the
constitutional issues D.T. seeks to assert on appeal, we are unable to determine that the failure to raise
the issues in the trial court constitutes ineffective assistance of counsel. We hold, therefore, that D.T.
failed to demonstrate that her counsel's performance fell below an objective standard of
reasonableness, as judged on the facts of her particular case and viewed at the time of counsel's
conduct, making it unnecessary for us to analyze the second prong of the Strickland test. 
Accordingly, we overrule issue five.

 The judgment of the trial court is affirmed.


 JAMES T. WORTHEN 

 Chief Justice

Opinion delivered July 9, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.


(PUBLISH)