**Julio Ramirez MESTAS, Appellant**

v.

**The STATE of Texas, Appellee.**

Nos. 05–04–01378–CR to
05–04–01380–CR.

Court of Appeals of Texas,
Dallas.

June 28, 2005.

Gary A. Udashen, Sorrels & Udashen, Larry Baraka, Dallas, for Appellant.

Charles Patrick Reynolds, Johanna H. Kubalak, Assistant District Attorneys, Dallas, for the State.

Before Justices WHITTINGTON, WRIGHT, and FITZGERALD.

## OPINION

Opinion by Justice WRIGHT.

Julio Ramirez Mestas attempts to appeal his convictions for indecency with a child, evading arrest, and failure to stop and render aid. After the jury found him guilty of indecency with a child, appellant pleaded guilty to evading arrest and failure to stop and render aid. The trial court assessed punishment, enhanced by two prior felony convictions, at fifty-five years' confinement and a $1000 fine in each case. The State, in a motion to dismiss, contends we lack jurisdiction over these appeals because appellant's notices of appeal were untimely.[1] Appellant responds that his motions for new trial acted to extend the time to file his notices of appeal, making them timely. For the following reasons, we conclude these appeals must be dismissed for lack of jurisdiction.

After appellant was sentenced in these cases, he filed a motion for new trial and a notice of appeal in each case. Appointed counsel filed briefs pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), concluding the appeals were without merit and seeking to withdraw. The Eastland Court of Appeals agreed with counsel that the appeals were without merit, granted the motions to withdraw, and affirmed the trial court's judgments. *See Mestas v. State,* Nos. 11–01–00234–CR, 11–01–00235–CR, 11–01–00236–CR, 2002 WL 32838727 (Tex.App.-Eastland 2002, no pet.) (not designated for publication).[2] Subsequently, appellant filed an application for writ of habeas corpus in each case, complaining he had been denied access to the trial record and was not given the opportunity to file a pro se response to the *Anders* brief.

■ The court of criminal appeals agreed with appellant and granted him an "out-of-time" appeal in each case. *See*

---

1. The State also raised this argument in its brief; however, the Court struck that brief as untimely and it is not before the Court.

2. The appeals were transferred to the Eastland Court of Appeals pursuant to a transfer order from the Texas Supreme Court.

*Ex parte Mestas,* Nos. 74,858, 74,859, 74,-860, 2004 WL 231392 (Tex.Crim.App. Jan.14, 2004) (not designated for publication). The court of criminal appeals instructed appellant that, should he desire to prosecute an appeal, he must take affirmative steps to see that notices of appeal were given within thirty days after the mandates of the court of criminal appeals issued. *Id.* The mandates issued on February 18, 2004. Thus, appellant was required to give a notice of appeal in each case on or before March 19, 2004.[3] Because appellant did not attempt to do so until April 1, 2004, we lack jurisdiction over these appeals.

In reaching this conclusion, we necessarily conclude that appellant's February 16, 2004 motions for new trial did not extend the time for filing his notices of appeal. Although the court of criminal appeals opinion provides that "all time limits shall be calculated as if the conviction had been entered on the day that the mandate" issues, this reference to all time limits must be read in harmony with the balance of the opinion. The purpose of the court's opinion was to allow appellant to pursue a remedy he was previously denied. Appellant was not denied the opportunity to assert a motion for new trial. He had, in fact, already filed motions for new trial in each case. Appellant's complaint on application for habeas corpus was that he was denied the right to a meaningful appeal. The only relief the court of criminal appeals granted was an out-of-time appeal. Because a motion for new trial was not a remedy requested by appellant nor granted by the court of criminal appeals, we conclude the motions for new trial were ineffective to extend the time for filing the notices of appeal. *Cf. Welsh v. State,* 108 S.W.3d 921, 922–23 (Tex.App.-Dallas 2003, no pet.) (motion for new trial nullity in appeal from order disposing of a motion for DNA testing; therefore, not effective to extend time to file notice of appeal); *Murray v. State,* 89 S.W.3d 187, 188 (Tex. App.-Dallas 2002, pet. ref'd) (motion for new trial nullity in appeal from order deferring adjudication of guilt and was ineffective to extend time to file notice of appeal); *McCoy v. State,* 996 S.W.2d 896, 901 (Tex. App.-Houston [14th Dist.] 1999, pet. ref'd) (mandate granted additional time to file only notice of appeal; therefore, trial court did not have jurisdiction to consider motion for new trial). *But see Malley v. State,* 9 S.W.3d 925, 927 (Tex. App.-Beaumont 2000, pet. ref'd) ("all time limits" language broad enough to encompass filing of motion for new trial). Moreover, if the "all time limits" language in the court of criminal appeals opinion included a motion for new trial, the court of criminal appeals would not have expressly restricted the filing deadline for the "notice of appeal" to "within thirty days after the mandate . . . has issued."

■ Appellant was required to file a notice of appeal in each case on or before March 19, 2004. Because appellant did not attempt to file notices of appeal until April 1, 2004, his notices of appeal were not timely. When an appeal is not timely perfected, we do not obtain jurisdiction to address the merits of the appeal, and we can take no action other than to dismiss the appeal. *See Slaton v. State,* 981 S.W.2d 208, 210 (Tex.Crim.App.1998) (per curiam); *Olivo v. State,* 918 S.W.2d 519, 523 (Tex.Crim.App.1996); *Boyd v. State,* 971 S.W.2d 603, 605–06 (Tex.App.-Dallas 1998, no pet.).

Accordingly, we dismiss these appeals for want of jurisdiction.

---

3. In 2004, February had 29 days.