**In re The STATE of Texas, Relator.**

**Nos. 12–05–00377–CV, 12–05–00378–CV.**

Court of Appeals of Texas,
Tyler.

Dec. 19, 2005.

Donna R. Bennett, Athens, for Relator.

Stanley G. Schneider, for real party in interest.

Panel consisted of WORTHEN, C.J., GRIFFITH, J. and DeVASTO, J.

## OPINION

SAM GRIFFITH, Justice.

The State of Texas filed a petition for writ of prohibition requesting an order prohibiting Respondent, the Honorable Carter Tarrance, Judge of the 392nd Judicial District Court, Henderson County, Texas, sitting in the 173rd Judicial District Court, Henderson County, from considering and ruling on the motions for new trial filed by the real party in interest, Adam Roberts Lewis. The State also seeks an order staying the proceedings in the trial court pending our issuance of an opinion in this proceeding. We deny the petition and overrule the request for stay.

### BACKGROUND

Adam Roberts Lewis was charged by separate indictments with two counts of aggravated assault on a public servant. The two cases were tried together. After hearing evidence, the jury found Lewis guilty of one count of aggravated assault on a public servant and the lesser included offense of deadly conduct. The jury assessed punishment at twenty years of imprisonment for the offense of aggravated assault on a public servant and five years of imprisonment for the deadly conduct offense. The trial court sentenced Lewis accordingly.

Trial counsel timely filed a motion for new trial alleging jury misconduct, insufficiency of the evidence, and unconstitutionality of the applicable statute. Lewis subsequently retained new counsel who filed a motion to substitute counsel, which was granted. Lewis's new counsel then filed a motion for leave to file an amended motion for new trial and an amended motion for new trial. The amended motion included the three issues raised in the original motion for new trial and also included allegations regarding an unexecuted mental health warrant, the fact that a competency examination had not been performed on Lewis, and trial counsel's failure to pursue an insanity defense. The trial court granted leave to file the amended motion. After hearing argument, the trial court granted the amended motion for new trial, and the State appealed. This court reversed the trial court's judgment and remanded the causes to the trial court for further proceedings. Lewis filed a petition for discretionary review, which the court of criminal appeals refused. *State v. Lewis*, 151 S.W.3d 213, 224–25 (Tex.App.-Tyler 2004, pet. ref'd).

Lewis was appointed new counsel, who sought to appeal the jury verdict in each cause. We dismissed the appeals holding that the notices of appeal were untimely filed. *Lewis v. State*, Nos. 12–04–00372–CR, 12–04–00373–CR, 2004 WL 3153761, at *1 (Tex.App.-Tyler Dec.30, 2004, no pet.) (per curiam) (not designated for publication). Lewis filed an application for postconviction writ of habeas corpus in which he contended that he was deprived of his right to appeal by the failure of his trial counsel and his subsequently retained counsel to timely file the notices of appeal. He asked that "the Court grant Applicant the relief to which he may be entitled in this proceeding, and recommend that he be granted an out of time appeal." The

State filed an answer. The trial court made findings of fact and conclusions of law, which included the following: (1) that Lewis always desired to seek review of his conviction and had been denied his right to appeal only as a result of his counsel's failure to comply with the Texas Rules of Appellate Procedure; (2) that appellate counsel rendered ineffective assistance of counsel on appeal; and (3) that it (the trial court) had the power to recommend that "the Applicant be afforded an out-of-time appeal, and this Court so recommends." In an unpublished opinion, the court of criminal appeals granted an out of time appeal from each conviction. *Ex parte Lewis*, Nos. AP–75,234, AP–75,235, 2005 WL 2219038, at \*1 (Tex.Crim.App. Sept.14, 2005) (per curiam) (not designated for publication).

On October 10, 2005, the court of criminal appeals issued its mandate, which stated that "because it is the Opinion of this Court that the relief prayed for should be Granted, it is **ORDERED, ADJUDGED AND DECREED** that an **out-of-time appeal** is **GRANTED. . . .**" Within thirty days of the mandate, Lewis filed a motion for new trial, a proposed order setting a hearing on each motion, a proposed order granting each motion for new trial, and a notice of appeal in each cause (appellate cause numbers 12–05–00345–CR and 12–05–00346–CR). The State filed an objection and response to Lewis's motions for new trial asserting, in part, that the court of criminal appeals granted Lewis the right to file an out of time appeal only and did not grant him the right to file another motion for new trial. By letter dated November 29, 2005, Respondent notified the parties that a "Status Conference" had been set in each cause for December 21, 2005. This original proceeding followed.

## NATURE OF THE WRIT

■ The writ of prohibition as used in Texas has three functions: preventing in-terference with higher courts in deciding a pending appeal, preventing inferior courts from entertaining suits that will relitigate controversies which have already been settled by issuing courts, and prohibiting a trial court's action when it affirmatively appears that the court lacks jurisdiction. *Texas Capital Bank–Westwood v. Johnson*, 864 S.W.2d 186, 187 (Tex.App.-Texarkana 1993, orig. proceeding). Here, the State seeks a writ of prohibition to prevent a trial court from acting without jurisdiction.

■ A writ of prohibition operates like an injunction issued by a superior court to control, limit, or prevent action in a court of inferior jurisdiction. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 682 (Tex.1989). The writ issues only to prevent the threatened commission of a future act. *State ex rel. Rodriguez v. Onion*, 741 S.W.2d 433, 435 (Tex.Crim.App. 1987). However, prohibition is an extraordinary proceeding and should be used sparingly. *Guerra v. Garza*, 987 S.W.2d 593, 594 (Tex.Crim.App.1999). To that end, the party seeking a writ of prohibition must demonstrate that (1) it has no other adequate remedy at law and that (2) it is clearly entitled to the relief sought. *Curry v. Wilson*, 853 S.W.2d 40, 43–44 (Tex.Crim. App.1993). The mere possibility that a trial court will act without jurisdiction will not justify a writ of prohibition. *See W.C.H., III v. Matthews*, 536 S.W.2d 679, 681 (Tex.Civ.App.-Fort Worth 1976, orig. proceeding) (holding that prohibition would not issue until threatened action would constitute certain interference with appellate jurisdiction).

## AVAILABILITY OF THE WRIT

■ In this proceeding, the State argues that the trial court has no jurisdiction

to rule on Lewis's motions for new trial and that the letter notifying the parties of the scheduled "Status Conference" constitutes a threatened commission of a future act sufficient to justify the issuance of the writ.

### The Trial Court's Jurisdiction

In support of its jurisdictional argument, the State cites the following paragraph in the court of criminal appeals opinion:

Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from his conviction in cause number B–10,599–A and B–10,598–A from the 173rd District Court of Henderson County. The proper remedy in a case such as this is to return Applicant to the point at which he can give notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the conviction had been entered on the day that the mandate of this Court issues. We hold that should Applicant desire to prosecute an appeal, he must take affirmative steps to see that notice of appeal is given within thirty (30) days after this Court's mandate has issued.

*Ex parte Lewis*, 2005 WL 2219038, at *1. The State argues that by this paragraph, the court of criminal appeals only granted Lewis the right to file a notice of appeal and proceed with an appeal as set forth in the Texas Rules of Appellate Procedure. Further, the State notes that Lewis's writ application does not include a request to file another motion for new trial in each case and argues that nothing in the court of criminal appeals opinion or mandate grants this relief. Thus, the State maintains, the trial court does not have jurisdiction to hear and rule on Lewis's motions for new trial.

In an analogous case, the Houston Fourteenth Court of Appeals held that the above-quoted language does not include the right to file a motion for new trial, and the court of criminal appeals refused discretionary review. *See McCoy v. State*, 996 S.W.2d 896, 900–01 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd). In *McCoy*, the appellant originally filed a motion for new trial, but his original appeal was dismissed as untimely filed. *Id.* at 901. McCoy then filed an application for post-conviction writ of habeas corpus asserting that he was denied his right to a meaningful appeal when his counsel failed to timely perfect his notice of appeal. *Id.* The court of criminal appeals granted McCoy an out of time appeal. *Id.* As in the instant case, the court of criminal appeals stated in its opinion that "should Applicant desire to prosecute an appeal, he must take affirmative steps to see that written notice of appeal is given within thirty days after the mandate of this court has issued." *Id.* McCoy then filed a second motion for new trial, in which he asserted that the jury had reached a quotient verdict, both as to guilt-innocence and punishment. He also filed a notice of appeal. The trial court considered and denied his second motion for new trial. *See id.* After noting that McCoy did not request and the court of criminal appeals did not grant relief to file a motion for new trial, the court of appeals concluded that the trial court did not have jurisdiction to consider the second motion for new trial. Accordingly, the court did not address McCoy's issues relating to the motion for new trial. *Id.*

In the instant case, neither the court of criminal appeals opinion nor its mandate specifically grants Lewis the right to file a motion for new trial. Moreover, the mandate states that the court grants the "relief prayed for" and orders "an **out-of-time appeal**." Lewis did not request permission to file another motion for new trial. Therefore, applying *McCoy*, we conclude

that Respondent is without jurisdiction to consider Lewis's motions for new trial. *See id.; see also Mestas v. State,* 165 S.W.3d 917, 919 (Tex.App.-Dallas 2005, pet. granted); *Muratalla v. State,* No. 05–97–00486–CR, 1999 WL 333371, at *3 (Tex. App.-Dallas 1999, pet. ref'd). *But see Downie v. State,* No. 13–00–00488–CR, 2001 WL 1554206, at *1 (Tex.App.-Corpus Christi 2001, pet. ref'd) (not designated for publication) (noting court of criminal appeals statement that "[f]or purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the convictions had been entered on the day the mandate of this Court issues"; holding that language is sufficiently broad to encompass the filing of a motion for new trial); *Malley v. State,* 9 S.W.3d 925, 927 (Tex.App.-Beaumont 2000, pet. ref'd) (same); *see also Besch v. State,* 87 S.W.3d 588, 590 n. 3 (Tex.App.-San Antonio 2002, pet. dism'd, untimely filed) (error preserved where issue raised in motion for new trial filed after court of criminal appeals granted out of time appeal).

### Entitlement to the Writ

Lewis does not address the State's jurisdictional argument, but points out that the State can appeal any adverse ruling Respondent may make. Therefore, he concludes, the State has an adequate remedy at law and cannot show its entitlement to the writ.

The purpose of the requested writ is to prevent the trial court from acting without jurisdiction. An appeal will not accomplish that result. *See In re State ex rel. Sistrunk,* 142 S.W.3d 497, 504 (Tex.App.-Houston [14th Dist.] 2004, orig. proceeding) (holding that State had no adequate remedy at law where trial court had set hearing to decide question over which it had no jurisdiction). Consequently, appeal is not an adequate remedy for the State.

However, the State has not shown that it is clearly entitled to the relief it seeks.

As we have previously stated, the mere possibility that a trial court will act without jurisdiction will not justify a writ of prohibition. *W.C.H., III,* 536 S.W.2d at 681. Here, although Lewis requested a hearing on the merits of his motions for new trial, Respondent set only a "Status Hearing." By his argument that "the State can appeal an adverse ruling from the December 21, 2005, hearing," Lewis suggests that Respondent will rule on his motions for new trial at the status hearing. However, this suggestion is not based on the record.

### CONCLUSION

The trial court lacks jurisdiction to rule on Lewis's motions for new trial, and the State has no other adequate remedy at law. However, the State has not shown that Respondent has threatened to rule on Lewis's motions for new trial at the December 21 status hearing. Without more, the State has shown, at most, a mere possibility that Respondent will act without jurisdiction. Therefore, extraordinary relief is inappropriate. Accordingly, the State's petition for writ of prohibition is *denied* and its request for stay is overruled as moot.