NO.
12-05-00377-CV

                        NO. 12-05-00378-CV

 

              IN THE COURT OF APPEALS

 

 TWELFTH COURT OF APPEALS DISTRICT

 

                             TYLER, TEXAS

 

 

                                                                             '     

 

IN RE: THE STATE OF TEXAS,                   '     ORIGINAL PROCEEDING

RELATOR

                                                                             '     

 





                                                                      OPINION

The State of Texas
filed a petition for writ of prohibition requesting an order prohibiting
Respondent, the Honorable Carter Tarrance, Judge of the 392nd Judicial District
Court, Henderson County, Texas, sitting in the 173rd Judicial District Court,
Henderson County, from considering and ruling on the motions for new trial
filed by the real party in interest, Adam Roberts Lewis.  The State also seeks an order staying the
proceedings in the trial court pending our issuance of an opinion in this
proceeding.  We deny the petition and
overrule the request for stay.

 

                                                               Background

Adam Roberts Lewis was
charged by separate indictments with two counts of aggravated assault on a
public servant.  The two cases were tried
together.  After hearing evidence, the
jury found Lewis guilty of one count of aggravated assault on a public servant
and the lesser included offense of deadly conduct.  The jury assessed punishment at twenty years
of imprisonment for the offense of aggravated assault on a public servant and
five years of imprisonment for the deadly conduct offense.  The trial court sentenced Lewis accordingly.








Trial counsel timely
filed a motion for new trial alleging jury misconduct, insufficiency of the
evidence, and unconstitutionality of the applicable statute.  Lewis subsequently retained new counsel who
filed a motion to substitute counsel, which was granted.  Lewis=s new counsel then filed a motion for leave to file
an amended motion for new trial and an amended motion for new trial.  The amended motion included the three issues
raised in the original motion for new trial and also included allegations
regarding an unexecuted mental health warrant, the fact that a competency
examination had not been performed on Lewis, and trial counsel=s failure to pursue an insanity defense.  The trial court granted leave to filed the
amended motion. After hearing argument, the trial court granted the amended
motion for new trial, and the State appealed. 
This court reversed the trial court=s judgment and remanded the causes to the trial
court for further proceedings.  Lewis
filed a petition for discretionary review, which the court of criminal appeals
refused.  Lewis v. State,
151 S.W.3d 213, 224-25 (Tex. App.BTyler 2004, pet. ref=d).

Lewis was appointed new
counsel, who sought to appeal the jury verdict in each cause.  We dismissed the appeals holding that the
notices of appeal were untimely filed.  Lewis
v. State, Nos. 12-04-00372-CR, 12-04-00373-CR, 2004 WL 3153761, at *1
(Tex. App.BTyler Dec. 30, 2004, no pet.) (per curiam) (not
designated for publication).  Lewis filed
an application for postconviction writ of habeas corpus in which he contended
that he was deprived of his right to appeal by the failure of his trial counsel
and his subsequently retained counsel to timely file the notices of
appeal.  He asked that Athe Court grant Applicant the relief to which he may
be entitled in this proceeding, and recommend that he be granted an out of time
appeal.@  The State
filed an answer.   The trial court made
findings of fact and conclusions of law, which included the following: (1) that
Lewis always desired to seek review of his conviction and had been denied his
right to appeal only as a result of his counsel=s
failure to comply with the Texas Rules of Appellate Procedure; (2) that
appellate counsel rendered ineffective assistance of counsel on appeal; and (3)
that it (the trial court)  had the power
to recommend that Athe Applicant be afforded an out-of-time appeal, and
this Court so recommends.@  In an
unpublished opinion, the court of criminal appeals granted an out of time
appeal from each conviction.  Ex
parte Lewis, Nos. AP-75,234, AP-75,235, 2005 WL 2219038, at *1 (Tex.
Crim. App. Sept. 14, 2005) (per curiam) (not designated for publication). 








On October 10, 2005, the court of criminal appeals
issued its mandate, which stated that Abecause it is the Opinion of this Court that the
relief prayed for should be Granted, it is ORDERED, ADJUDGED AND DECREED that
an out-of-time appeal is GRANTED. . . .@  Within
thirty days of the mandate, Lewis filed a motion for new trial, a proposed
order setting a hearing on each motion, a proposed order granting each motion
for new trial, and a notice of appeal in each cause (appellate cause numbers
12-05-00345-CR and 12-05-00346-CR).  The
State filed an objection and  response to
Lewis=s motions for new trial asserting, in part, that the
court of criminal appeals granted Lewis the right to file an out of time appeal
only and did not grant him the right to file another motion for new trial.  By letter dated November 29, 2005, Respondent
notified the parties that a AStatus Conference@ had
been set in each cause for December 21, 2005. 
This original proceeding followed.

                                                           Nature of the Writ

The writ of prohibition as used in Texas has three
functions: preventing interference with higher courts in deciding a pending
appeal, preventing inferior courts from entertaining suits that will relitigate
controversies which have already been settled by issuing courts, and
prohibiting a trial court=s action when it affirmatively appears that the
court lacks jurisdiction.  Texas
Capital BankBWestwood v. Johnson, 864 S.W.2d 186, 187 (Tex. App.BTexarkana 1993, orig. proceeding). Here, the State
seeks a writ of prohibition to prevent a trial court from acting without
jurisdiction. 

A writ of prohibition operates like an injunction
issued by a superior court to control, limit, or prevent action in a court of
inferior jurisdiction.  Holloway v.
Fifth Court of Appeals, 767 S.W.2d 680, 682 (Tex. 1989).  The writ issues only to prevent the
threatened commission of a future act.  State
ex rel. Rodriguez v. Onion, 741 S.W.2d 433, 435 (Tex. Crim. App.
1987).  However, prohibition is an
extraordinary proceeding and should be used sparingly.  Guerra v. Garza, 987 S.W.2d
593, 594 (Tex. Crim. App. 1999).  To that
end, the party seeking a writ of prohibition must demonstrate that (1) it has
no other adequate remedy at law and that (2) it is clearly entitled to the
relief sought.  Curry v. Wilson,
853 S.W.2d 40, 43-44 (Tex. Crim. App. 1993). 
The mere possibility that a trial court will act without jurisdiction
will not justify a writ of prohibition.  See
W.C.H., III v. Matthews, 536 S.W.2d 679, 681 (Tex. Civ. App.BFort Worth 1976, orig. proceeding) (holding
that prohibition would not issue until threatened action would constitute
certain interference with appellate jurisdiction).  

                                                      Availability
of the Writ

In this proceeding, the State argues that the trial
court has no jurisdiction to rule on Lewis=s motions for new trial and that the letter
notifying the parties of the scheduled AStatus Conference@
constitutes a threatened commission of a future act sufficient to justify the
issuance of the writ.  








The Trial Court=s Jurisdiction

In support of its jurisdictional argument, the State
cites the following paragraph in the court of criminal appeals opinion:

 

Habeas corpus relief is granted and Applicant is
granted an out-of-time appeal from his conviction in cause number B-10,599-A
and B-10,598-A from the 173rd District Court of Henderson County.  The proper remedy in a case such as this is
to return Applicant to the point at which he can give notice of appeal.  For purposes of the Texas Rules of Appellate
Procedure, all time limits shall be calculated as if the conviction had been
entered on the day that the mandate of this Court issues.  We hold that should Applicant desire to
prosecute an appeal, he must take affirmative steps to see that notice of
appeal is given within thirty (30) days after this Court=s mandate has issued.

 

Ex parte Lewis, 2005 WL 2219038, at *1.  The
State argues that by this paragraph, the court of criminal appeals only granted
Lewis the right to file a notice of appeal and proceed with an appeal as set
forth in the Texas Rules of Appellate Procedure.  Further, the State notes that Lewis=s writ application does not include a request to
file another motion for new trial in each case and argues that nothing in the
court of criminal appeals opinion or mandate grants this relief.  Thus, the State maintains, the trial court
does not have jurisdiction to hear and rule on Lewis=s motions for new trial. 








In an analogous case, the Houston Fourteenth Court
of Appeals held that the above-quoted language does not include the right to
file a motion for new trial, and the court of criminal appeals refused
discretionary review.  See McCoy
v. State, 996 S.W.2d 896, 900-01 (Tex. App.BHouston [14th Dist.] 1999, pet. ref=d).  In McCoy,
the appellant originally filed a motion for new trial, but his original appeal
was dismissed as untimely filed.  Id.
at 901.  McCoy then filed an application
for postconviction writ of habeas corpus asserting that he was denied his right
to a meaningful appeal when his counsel failed to timely perfect his notice of
appeal.  Id.  The court of criminal appeals granted McCoy
an out of time appeal.  Id.  As in the instant case, the court of criminal
appeals stated in its opinion that Ashould Applicant desire to prosecute an appeal, he
must take affirmative steps to see that written notice of appeal is given
within thirty days after the mandate of this court has issued.@  Id.  McCoy then filed a second motion for new
trial, in which he asserted that the jury had reached a quotient verdict, both
as to guilt-innocence and punishment.  He
also filed a notice of appeal.  The trial
court considered and denied his second motion for new trial.   See id.  After noting that McCoy did not request and
the court of criminal appeals did not grant relief to file a motion for new
trial, the court of appeals concluded that the trial court did not have
jurisdiction to consider the second motion for new trial.  Accordingly, the court did not address McCoy=s issues relating to the motion for new trial.  Id.  

In the instant case, neither the court of criminal
appeals opinion nor its mandate specifically grants Lewis the right to file a
motion for new trial.  Moreover, the
mandate states that the court grants the Arelief prayed for@ and
orders Aan out-of-time appeal.@  Lewis did
not request permission to file another motion for new trial.  Therefore, applying McCoy, we
conclude that Respondent is without jurisdiction to consider Lewis=s motions for new trial.  See id.; see also Mestas
v. State, 165 S.W.3d 917, 919 (Tex. App.BDallas
2005, pet. granted); Muratella v. State, No. 05-97-00486-CR, 1999
WL 333371, at *3 (Tex. App.BDallas 1999, pet. ref=d).  But see Downie v. State, No.
13-00-00488-CR, 2001 WL 1554206, at *1 (Tex. App.BCorpus
Christi 2001, pet. ref=d) (not designated for publication) (noting court of
criminal appeals statement that A[f]or purposes of the Texas Rules of Appellate
Procedure, all time limits shall be calculated as if the convictions had been
entered on the day the mandate of this Court issues@; holding that language is sufficiently broad to
encompass the filing of a motion for new trial); Malley v. State,
9 S.W.3d 925, 927 (Tex. App.BBeaumont 2000, pet. ref=d) (same); see also Besch v. State, 87
S.W.3d 588, 590 n.3 (Tex. App.BSan Antonio 2002, pet. dism=d, untimely filed) (error preserved where issue
raised in motion for new trial filed after court of criminal appeals granted
out of time appeal).

Entitlement to the Writ

Lewis does not address the State=s jurisdictional argument, but points out that the
State can appeal any adverse ruling Respondent may make.  Therefore, he concludes, the State has an
adequate remedy at law and cannot show its entitlement to the writ.  

The purpose of the requested writ is to prevent the
trial court from acting without jurisdiction. 
An appeal will not accomplish that result.  See In re State ex rel. Sistrunk,
142 S.W.3d 497, 504 (Tex. App.BHouston [14th Dist.] 2004, orig. proceeding)
(holding that State had no adequate remedy at law where trial court had set
hearing to decide question over which it had no jurisdiction).  Consequently, appeal is not an adequate remedy
for the State.  However, the State has
not shown that it is clearly entitled to the relief it seeks.








As we have previously stated, the mere possibility
that a trial court will act without jurisdiction will not justify a writ of
prohibition.  W.C.H., III ,
536 S.W.2d at 681.  Here, although Lewis
requested a hearing on the merits of his motions for new trial, Respondent set
only a AStatus Hearing.@   By his
argument that Athe State can appeal an adverse ruling from the
December 21, 2005, hearing,@ Lewis suggests that Respondent will rule on his
motions for new trial at the status hearing. 
However, this suggestion is not based on the record.

                                                                    Conclusion

The trial court lacks jurisdiction to rule on Lewis=s motions for new trial, and the State has no other
adequate remedy at law.  However, the
State has not shown that Respondent has threatened to rule on Lewis=s motions for new trial at the December 21 status
hearing.  Without more, the State has
shown, at most, a mere possibility that Respondent will act without
jurisdiction.  Therefore, extraordinary
relief is inappropriate.  Accordingly,
the State=s petition for writ of prohibition is denied
and its request for stay is overruled as moot.

 

 

     SAM GRIFFITH    

   Justice

 

 

Opinion delivered December 19,
2005.

Panel
consisted of Worthen, C.J., Griffith, J. and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

                                                                        (PUBLISH)