**DENIED and Opinion Filed August 10, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00483-CV**
**No. 05-21-00484-CV**
**No. 05-21-00485-CV**
**No. 05-21-00486-CV**

**IN RE DRALON PATTERSON, Relator**

**Original Proceeding from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause Nos. F19-75183-PL,**
**F19-75218-PL, F19-25779-QL & F19-40572-PL**

## MEMORANDUM OPINION

Before Justices Schenck, Nowell, and Garcia
Opinion by Justice Garcia

Dralon Patterson has filed a petition for a writ of prohibition to compel the trial court to dismiss all pending charges and release him for violation of his right to a speedy trial. We deny relief.

Relator's petition is supported only by a file stamped copy of a jury trial election form and an unsworn declaration swearing that the allegations in the petition are true and correct. The rules of appellate procedure governing original proceedings require a relator to file an appendix with relator's petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter

complained of." TEX. R. APP. P. 52.3(k)(1)(A). Furthermore, the rules require the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

Relator's jury trial election form is not a certified or sworn copy as the rules require. Moreover, it is not accompanied by any of the documents that would be required to show the facts and circumstances of relator's confinement. Relator's failure to file an adequate record is grounds for the Court to deny the petition. *See In re Butler*, 270 S.W.3d 757, 758–59 (Tex. App.—Dallas 2008, orig. proceeding).

Even if relator had filed a proper record, he is not entitled to a writ of prohibition to compel the trial court to release him. A writ of prohibition issues to prevent the trial court from committing some future act rather than to compel the trial court to undo some act already performed. *State ex rel. Wade v. Mays*, 689 S.W.2d 893, 897 (Tex. Crim. App. 1985). The writ of prohibition, as used in Texas, has three purposes: (1) to prevent a lower court from interfering with a higher court deciding an appeal; (2) to prevent a lower court from relitigating issues decided by a higher court; and (3) to prevent a court from acting when it affirmatively appears the court is acting without jurisdiction. *In re State*, 180 S.W.3d 423, 425 (Tex. App.—Tyler 2005, orig. proceeding). Relator's requested relief, seeking to compel the trial court to act rather than to prevent it from acting, does not match any of the purposes of a writ or prohibition. *See id.*

Finally, to be entitled to a writ of prohibition, relator must meet the same standard for obtaining a writ of mandamus. *In re Medina*, 475 S.W.3d 291, 297 (Tex. Crim. App. 2015). First, relator must show that the act to be prohibited involves a ministerial decision rather than a discretionary or judicial decision; and second, he must show that he has no adequate remedy at law. *Id*. Relator cannot make either showing.

To show that an act is ministerial rather than a matter of discretion or a judicial decision, relator must show he has a clear right to the relief he seeks because the facts and circumstances dictate but one rational decision under unequivocal, well-settled, and clearly controlling legal principles. *See id*. at 298. Determining whether to dismiss the charges against relator for violating his right to a speedy trial is necessarily a judicial decision. *See Cantu v. State*, 253 S.W.3d 273, 280–85 (Tex. Crim. App. 2008) (discussing four-factor test for determining on appeal if trial court erred in not granting motion to dismiss for alleged violation of right to speedy trial).

Furthermore, it is well-established that a defendant is not entitled to extraordinary relief for an alleged violation of the right to speedy trial because the defendant has an adequate remedy for the violation on appeal. *Smith v. Gohmert*, 962 S.W.2d 590, 593 (Tex. Crim. App. 1998) (defendant seeking to compel dismissal of indictment on speedy trial grounds has adequate remedy on appeal and therefore no need for drastic remedy of mandamus); *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.) (appeal is adequate legal

remedy for alleged violation of right to speedy trial so defendant not entitled to mandamus to compel pretrial dismissal of indictment).

Because relator has not shown he is entitled to relief, we deny the petition for writ of prohibition. *See* TEX. R. APP. P. 52.8.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

210483F.P05