Affirmed and Memorandum Opinion filed August 24, 2006








Affirmed and Memorandum Opinion filed August 24, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00641-CR

____________

 

DERRICK DESHAUN FORNEY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 176th
District Court

Harris County, Texas

Trial Court Cause No. 1030781

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant, Derrick Deshaun Forney, of
aggravated assault on a public servant.  See Tex. Penal Code Ann. ' 22.02(a), (b)(2)
(Vernon Supp. 2005).  The jury found two enhancement allegations true and
assessed punishment at life in the Texas Department of Criminal Justice,
Institutional Division.  We affirm.  

Factual and Procedural Background








On June 9, 2004, a felony arrest warrant team of three
Houston police officers proceeded to 1702 Napoleon Street in Houston, Texas to
execute a felony arrest warrant for appellant.  After knocking on the door,
Officer Matt Richard saw appellant through a window, but appellant did not
answer the door.  The police proceeded to forcibly gain entrance to the house
by breaking through burglar bars with a tire iron and kicking in the front
door.  Officer Richard then saw appellant inside the house holding a gun. 
Officer Richard shouted, AGun,@ and he and the
team followed protective procedures and hid behind cars in front of the house. 


Officer Richard instructed the individuals inside the house
to exit with their hands up.  Two people complied with the instructions.  After
the first person was detained by Sergeant Gallier but while the second person
was kneeling at the front door, a gunshot was fired from inside the house
through a front window.  A few moments later, appellant ran through the front
door, firing a gun.  Appellant stopped at the car behind which Officer Richard
was hiding and fired several shots directly at Officer Richard.  Officer
Richard returned fire, but he did not hit appellant.  Appellant then ran from
the scene on foot.  Officer Richard survived the shooting with gunshot wounds
to both legs, his hip, and his side.  

After several days of hiding, appellant turned himself in
to police.  He was subsequently charged with aggravated assault on a public
servant.  

Discussion

Appellant raises four points of error on appeal.  He first
claims the evidence is legally and factually insufficient to sustain a
conviction.  He next claims ineffective assistance of counsel first during
guilt/innocence and then during punishment. 

I.                   
Legal and Factual Sufficiency








In a legal sufficiency review, we view all the evidence
in the light most favorable to the verdict and then determine whether a
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Salinas v. State, 163 S.W.3d
734, 737 (Tex. Crim. App. 2005).  The jury, as the sole judge of the
credibility of the witnesses, chooses whether or not to believe all or part of
a witness=s
testimony.  See Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App.
1988).  We do not engage in a second evaluation of the weight and credibility
of the evidence, but only ensure the jury reached a rational decision.  Muniz
v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993); Harris v. State,
164 S.W.3d 775, 784 (Tex. App.CHouston
[14th Dist.] 2005, pet. ref=d). 
Thus, if there is evidence establishing guilt beyond a reasonable doubt, we are
not authorized to reverse the judgment on sufficiency of the evidence grounds. 

In a factual sufficiency review, we consider all the
evidence in a neutral light and determine whether a jury was rationally
justified in finding guilt beyond a reasonable doubt.  Zuniga v. State,
144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  The evidence may be factually
insufficient in two ways.  Id.  First, when considered by itself, evidence
supporting the verdict may be so weak the verdict is clearly wrong and
manifestly unjust.  Prible v. State, 175 S.W.3d 724, 730B31 (Tex. Crim. App. 2005); Zuniga,
144 S.W.3d at 484.  Second, when the evidence both supports and contradicts the
verdict, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met.  Prible, 175
S.W.3d at 730B31; Zuniga,
144 S.W.3d at 484B85. 
AA clearly wrong and
unjust verdict occurs where the jury=s
finding is >manifestly
unjust,= >shocks the conscience,= or >clearly demonstrates bias.=@  Prible, 175 S.W.3d at 731.  Our
evaluation of the evidence should not intrude upon the fact-finder=s role as the sole judge of
the weight and credibility of the evidence.  Cain v. State, 958 S.W.2d
404, 407 (Tex. Crim. App. 1997).  In conducting a factual sufficiency review,
we must discuss the evidence appellant claims is most important in allegedly
undermining the jury=s
verdict.  Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  

A person
commits assault if the person: 

(1)
intentionally, knowingly, or recklessly causes bodily injury to another,
including the person=s spouse; 








(2) intentionally
or knowingly threatens another with imminent bodily injury, including the
person=s spouse; or

(3)
intentionally or knowingly causes physical contact with another when the person
knows or should reasonably believe that the other will regard the contact as
offensive or provocative. 

Tex.
Penal Code Ann. ' 22.01(a) (Vernon Supp. 2005).  A person commits
the offense of aggravated assault when the person commits an assault, and
either (1) causes serious bodily injury to another or (2) uses or exhibits a
deadly weapon during an assault.  Tex.
Penal Code Ann. ' 22.02(a).  A person commits aggravated
assault against a public servant if the offense is against a person the actor
knows is a public servant while the public servant is lawfully discharging an
official duty.  See Tex. Penal
Code Ann. ' 22.02(b)(2).

The State presented testimony from the police officers at
the scene on the day in question, from several crime scene investigators, and
an eye-witness living across the street.  Through this testimony the State
showed Officer Richard knocked on the front door of 1702 Napoleon Street and
announced they were looking for appellant.  Officer Richard saw appellant look
through the blinds, but appellant did not answer the door.  After prying open
the burglar bars with a tire iron, Officer Richard kicked in the door to gain
access to the house.  He saw appellant with a gun, yelled AGun,@ and retreated
behind appellant=s car for protection.  Officer Richard
then shouted instructions for the occupants of the house to exit, and two other
people inside the house exited without incident.  While the second person was
exiting the house, a gun fired from inside the house through a front window. 
Shortly thereafter, appellant ran from the house firing his gun.  Appellant
fired several shots directly at Officer Richard and then fled on foot from the
scene.  








Appellant did not testify about any events occurring
substantively different than those described by the police testimony, except
appellant testified hearing Officer Richard call out that he was going to blow
appellant=s head off when he came out of the house.  Appellant
testified this made him fearful for his life.  Appellant further testified he
flushed marijuana down the toilet and then was going to change his shirt before
exiting the house, so the police would not think he was the same person who
Officer Richard previously saw with the gun and would not try to shoot him. 
Appellant testified he looked through the blinds again and saw Officer Richard
point his weapon at appellant, and this further enhanced appellant=s fear.  Appellant
testified his gun accidentally fired through the window.  Once the gun fired,
appellant did not think he could surrender to police without being shot first. 
He decided to flee the house, and that is when he exited the house firing his
gun.  When appellant reached the car Officer Richard was hiding behind,
appellant testified he felt he could not turn his back to the officer in fear
of being shot in the back.  Appellant also testified he intentionally shot
Officer Richard in the legs, so not to kill the officer but only to protect
himself.  On cross examination, appellant admitted Officer Richard did not fire
any shots at appellant until after appellant shot Officer Richard in the leg.  

Viewing this evidence in the light most favorable to the
verdict, a rational trier of fact could have found the elements of aggravated
assault against a public servant beyond a reasonable doubt.  The jury, as the
sole judge of credibility of the witnesses, did not believe appellant=s version of
events that he was being threatened by police and put in fear for his life
whereby his only way to safety was to flee while firing his weapon at police. 
Appellant knew he was wanted by the police, he possessed marijuana and a
handgun when police arrived looking for him, and he fired his weapon before any
police officers fired their weapons.  We overrule appellant=s legal
sufficiency point of error.  








The same facts that make evidence legally sufficient may
also make it factually sufficient.  See Prible, 175 S.W.3d at 731. 
Appellant felt he needed to preemptively use deadly force to protect himself
from Officer Richard because Officer Richard threatened to shoot appellant in
the head and pointed his weapon at appellant.  One other witness also testified
hearing Officer Richard threaten appellant, but only the jury decides what
amount of weight to give such testimony.  When considering the evidence in a neutral
light, this contrary evidence is not so strong that the
beyond-a-reasonable-doubt standard could not have been met, nor is the evidence
supporting the guilty verdict so weak it is clearly wrong and manifestly
unjust.  See id. at 730B31.  We overrule appellant=s factual
sufficiency point of error. 

II.                
Ineffective Assistance of Counsel

In his third and fourth points of error, appellant
claims ineffective assistance of counsel.  Appellant argues his trial counsel
failed to make a hearsay objection, failed to request a jury instruction on
necessity, and failed to object to improper closing argument by the
prosecutor.  The standard of review for an appellate issue claiming ineffective
assistance of counsel is well settled.  We apply the two-prong test from Strickland
v. Washington, 466 U.S. 668, 687B92,
104 S. Ct. 2052, 2064B67,
80 L. Ed. 2d 674 (1984) as recited in Hernandez v. State, 726 S.W.2d 53,
55 (Tex. Crim. App. 1986).  See Green v. State, 191 S.W.3d 888, 893B94 (Tex. App.CHouston [14th
Dist.] 2006, pet. filed).

Appellant does not meet the first prong of Strickland because
the record is undeveloped.  The first prong of Strickland requires
appellant to demonstrate his counsel=s performance was
deficient and not reasonably effective.  Strickland, 466 U.S. at 688,
104 S. Ct. at 2064.  Any allegation of ineffectiveness must be firmly founded
in the record.  Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App.
2002).  When the record is silent about the motivations of counsel, we cannot
conclude counsel=s performance was deficient.  See
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  In such
circumstances, appellant fails to rebut the presumption trial counsel=s decisions were
reasonable.  Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App.
1999).  An appellate court is not required to speculate on trial counsel=s actions when
confronted with a silent record.  See Jackson, 877 S.W.2d at 771; McCoy
v. State, 996 S.W.2d 896, 900 (Tex. App.CHouston [14th
Dist.] 1999, pet. ref=d).  However, if a silent record clearly
indicates no reasonable attorney could have made such trial decisions, to hold
such counsel ineffective is not speculation.  See Vasquez v. State, 830
S.W.2d 948, 950B51 (Tex. Crim. App. 1992). 








The record before us contains no explanation as to why
defense counsel failed to object to hearsay testimony, failed to request a
necessity defense, and failed to object to improper jury argument.  Appellate
counsel filed a motion for new trial but did not raise ineffective assistance
of counsel as a ground in the motion.  Further, A[i]solated
instances in the record reflecting errors of omission or commission do not
render counsel=s performance ineffective, nor can ineffective
assistance of counsel be established by isolating one portion of trial counsel=s performance for
examination.@  Robertson v. State, 187 S.W.3d 475, 483 (Tex.
Crim. App. 2006).  Trial counsel=s alleged errors
do not rise to a level such that no reasonable attorney could have made such
trial decisions.  Therefore, we overrule appellant=s third and fourth
points of error.

Conclusion

Having considered and overruled each of appellant=s points of error,
we affirm the judgment of the trial court.  

 

 

/s/      John S. Anderson

Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed August 24, 2006.

Panel consists of
Justices Anderson, Edelman, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).