FRANCIONE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-365-CR

WINSTON CLAY FRANCIONE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Winston Clay Francione appeals his two-year sentence and $5,000 fine for theft of service over $1,500 and less than $20,000.  In two points, appellant complains that the trial court erred by conducting voir dire unfairly and that he was denied effective assistance of counsel.  We affirm.

II.  Background Facts

In October 2004, appellant was drinking vodka and using methamphetamine, and he answered an ad in the paper offering twenty-four-hour “house service.”  Sharon Howard, the woman who had placed the ad, picked up appellant at his home and drove him to Midway Pines, a rental business that rents cottages and mobile homes daily.  Even though appellant had drained his bank account to pay for methamphetamine and sex, he wrote several checks to Midway Pines from the account totaling approximately $2,930 for use of a cottage and two mobile homes.

Appellant and Howard stayed at Midway Pines for fourteen days.  During this time, Howard filled out, and appellant signed, somewhere between eight and twelve checks from appellant’s bank account totaling between $6,000 and $7,000.
(footnote: 2)  Howard took the checks to her bank, cashed them, kept some of the money as payment for her prostitution, and used some of the money to buy more methamphetamine.  Appellant admitted that both he and Howard knew the bank account had no funds when she wrote and he signed the checks.

At some point during the fourteen-day binge, Donna Hargrove, another prostitute, joined Howard and appellant.  Appellant wrote a check to Hargrove for $1,800 to pay for sex and methamphetamine.  

A grand jury indicted appellant for theft of services from Midway Pines for over $1,500 and under $20,000.  The jury found appellant guilty and assessed his punishment at twenty-four months’ incarceration and a fine of $5,000.  The trial court sentenced him accordingly.  

III.  Voir Dire

In his first point, appellant argues that the trial court erred by conducting voir dire unfairly.  The panel from which appellant’s jury was selected included venire members from earlier voir dire panels that the prosecutor had questioned prior to appellant’s voir dire.  Appellant argues that his voir dire was unfair because the prosecutor got an unfair advantage by questioning the venire members several times.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998)  (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  Appellant concedes that he did not alert the trial court to his concerns about voir dire at any point, and a review of the record confirms this.  Therefore, appellant forfeited this point, and we overrule it. 

IV.  Ineffective Assistance of Counsel

In his second point, appellant asserts that trial counsel was ineffective.  Specifically, appellant claims that (1) trial counsel should not have agreed to amend his indictment, (2) trial counsel only asked general questions during voir dire and failed to object that voir dire was unfair, and (3) trial counsel should have objected or filed a motion in limine to prevent the admission of appellant’s grand jury testimony, in which he admitted to writing bad checks, having sex with prostitutes, and using methamphetamine.

A.  Standard Of Review

To establish an ineffective assistance of counsel claim, appellant must show by a preponderance of the evidence that his counsel’s representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel’s deficiency, the result of the trial would have been different.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel’s assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  Review of counsel’s representation is highly deferential, and the reviewing court indulges a strong presumption that trial counsel’s conduct fell within a wide range of reasonable representation.  
Salinas
, 163 S.W.3d at 740; 
Mallett
, 65 S.W.3d at 63.  A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.  
Thompson
, 9 S.W.3d at 813-14.  “In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel’s actions.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Mallett
, 65 S.W.3d at 63).  To overcome the presumption of reasonable professional assistance, “any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.”  
Id.
  (quoting 
Thompson
, 9 S.W.3d at 813).

Under the second prong of 
Strickland, 
an appellant must show that counsel’s errors were so serious that they deprived him of a fair trial.  
Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

B.  Analysis

Appellant has a difficult burden in proving ineffective assistance of counsel.  As the court of criminal appeals explained in 
Thompson
,

[a] substantial risk of failure accompanies an appellant’s claim of ineffective assistance on direct appeal.  Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing a fair evaluation of the merits of the claim involving such a serious allegation.  In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel.

9 S.W.3d at 813-14 (footnote omitted).  Thus, to successfully demonstrate trial counsel’s ineffectiveness, appellant must present evidence, usually through a motion for new trial or a habeas corpus proceeding, illustrating trial counsel’s strategy.  
Id.; see also Kemp v. State,
 892 S.W.2d 112, 115 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d).
 Here, appellant did not file a motion for new trial alleging ineffective assistance.  Thus, we have no evidence from trial counsel’s perspective concerning why he (1) agreed to amend the indictment, (2) only asked general questions and failed to object to an allegedly unfair voir dire, and (3) failed to object or file a motion in limine to prevent the admission of appellant’s grand jury testimony.  Generally, when the record contains no evidence of the reasoning behind trial counsel’s conduct, we cannot conclude that trial counsel’s performance was deficient.  
See Jackson v. State,
 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  If there is any plausible basis for trial counsel’s actions, we are not required to speculate on the reasons for those actions when confronted with a silent record. 
 Id.; see also McCoy v. State,
 996 S.W.2d 896, 900 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d).  

Accordingly, appellant has failed to establish that trial counsel was ineffective.  Moreover, we cannot say that there is no plausible basis for trial counsel’s action.  Therefore, we will not make a finding of ineffectiveness based on speculation.  Appellant’s second point is overruled.

V.  Conclusion

Having overruled appellant’s two points, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: May 10, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The only bad checks entered into evidence at trial were the checks appellant wrote to Midway Pines.  However, appellant admitted to writing many other bad checks to pay for sex and methamphetamine.