COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-365-CR

 

 

WINSTON CLAY FRANCIONE                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction

Appellant Winston Clay
Francione appeals his two-year sentence and $5,000 fine for theft of service
over $1,500 and less than $20,000.  In
two points, appellant complains that the trial court erred by conducting voir
dire unfairly and that he was denied effective assistance of counsel.  We affirm.

 








II.  Background Facts

In October 2004, appellant
was drinking vodka and using methamphetamine, and he answered an ad in the
paper offering twenty-four-hour Ahouse service.@  Sharon Howard, the woman who had placed the
ad, picked up appellant at his home and drove him to Midway Pines, a rental
business that rents cottages and mobile homes daily.  Even though appellant had drained his bank
account to pay for methamphetamine and sex, he wrote several checks to Midway
Pines from the account totaling approximately $2,930 for use of a cottage and
two mobile homes.

Appellant and Howard stayed
at Midway Pines for fourteen days. 
During this time, Howard filled out, and appellant signed, somewhere
between eight and twelve checks from appellant=s bank account totaling between $6,000 and $7,000.[2]  Howard took the checks to her bank, cashed
them, kept some of the money as payment for her prostitution, and used some of
the money to buy more methamphetamine. 
Appellant admitted that both he and Howard knew the bank account had no
funds when she wrote and he signed the checks.








At some point during the
fourteen-day binge, Donna Hargrove, another prostitute, joined Howard and
appellant.  Appellant wrote a check to
Hargrove for $1,800 to pay for sex and methamphetamine.  

A grand jury indicted
appellant for theft of services from Midway Pines for over $1,500 and under
$20,000.  The jury found appellant guilty
and assessed his punishment at twenty-four months= incarceration and a fine of $5,000. 
The trial court sentenced him accordingly.  

III.  Voir Dire

In his first point, appellant
argues that the trial court erred by conducting voir dire unfairly.  The panel from which appellant=s jury was selected included venire members from earlier voir dire
panels that the prosecutor had questioned prior to appellant=s voir dire.  Appellant argues
that his voir dire was unfair because the prosecutor got an unfair advantage by
questioning the venire members several times.








To preserve a complaint for
our review, a party must have presented to the trial court a timely request,
objection, or motion that states the specific grounds for the desired ruling if
they are not apparent from the context of the request, objection, or motion.  Tex.
R. App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex.
Crim. App. 1998)  (op. on reh=g), cert. denied, 526 U.S. 1070 (1999).  Further, the trial court must have ruled on
the request, objection, or motion, either expressly or implicitly, or the
complaining party must have objected to the trial court=s refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez
v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  Appellant concedes that he did not alert the
trial court to his concerns about voir dire at any point, and a review of the
record confirms this.  Therefore,
appellant forfeited this point, and we overrule it. 

IV.  Ineffective Assistance of Counsel

In his second point,
appellant asserts that trial counsel was ineffective.  Specifically, appellant claims that (1) trial
counsel should not have agreed to amend his indictment, (2) trial counsel only
asked general questions during voir dire and failed to object that voir dire
was unfair, and (3) trial counsel should have objected or filed a motion in
limine to prevent the admission of appellant=s grand jury testimony, in which he admitted to writing bad checks,
having sex with prostitutes, and using methamphetamine.

A.  Standard Of Review








To establish an ineffective
assistance of counsel claim, appellant must show by a preponderance of the
evidence that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62-63
(Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999).

In evaluating the
effectiveness of counsel under the first prong, we look to the totality of the
representation and the particular circumstances of each case.  Thompson, 9 S.W.3d at 813.  The issue is whether counsel=s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688-89,
104 S. Ct. at 2065.  Review of counsel=s representation is highly deferential, and the reviewing court
indulges a strong presumption that trial counsel=s conduct fell within a wide range of reasonable representation.  Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 63.  A reviewing court will
rarely be in a position on direct appeal to fairly evaluate the merits of an
ineffective assistance claim.  Thompson,
9 S.W.3d at 813-14.  AIn the majority of cases, the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel=s actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.@  Id. 
(quoting Thompson, 9 S.W.3d at 813).








Under the second prong of Strickland,
an appellant must show that counsel=s errors were so serious that they deprived him of a fair trial.  Strickland, 466 U.S. at 687, 104 S.
Ct. at 2064.  In other words, appellant
must show there is a reasonable probability that, but for counsel=s unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding whose result is being challenged.  Id. at 697, 104 S. Ct. at 2070.

B.  Analysis

Appellant has a difficult burden in proving ineffective assistance of
counsel.  As the court of criminal
appeals explained in Thompson,

 

[a]
substantial risk of failure accompanies an appellant=s
claim of ineffective assistance on direct appeal.  Rarely will a reviewing court be provided the
opportunity to make its determination on direct appeal with a record capable of
providing a fair evaluation of the merits of the claim involving such a serious
allegation.  In the majority of
instances, the record on direct appeal is simply undeveloped and cannot
adequately reflect the failings of trial counsel.

 








9 S.W.3d at 813-14 (footnote omitted).  Thus, to successfully demonstrate trial
counsel=s ineffectiveness, appellant must present evidence, usually through a
motion for new trial or a habeas corpus proceeding, illustrating trial counsel=s strategy.  Id.; see also
Kemp v. State, 892 S.W.2d 112, 115 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d).    Here, appellant did not
file a motion for new trial alleging ineffective assistance.  Thus, we have no evidence from trial counsel=s perspective concerning why he (1) agreed to amend the indictment,
(2) only asked general questions and failed to object to an allegedly unfair
voir dire, and (3) failed to object or file a motion in limine to prevent the
admission of appellant=s grand jury
testimony.  Generally, when the record
contains no evidence of the reasoning behind trial counsel=s conduct, we cannot conclude that trial counsel=s performance was deficient.  See
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  If there is any plausible basis for trial
counsel=s actions, we are not required to speculate on the reasons for those
actions when confronted with a silent record.  Id.; see also McCoy v. State, 996 S.W.2d
896, 900 (Tex. App.CHouston
[14th Dist.] 1999, pet. ref=d).  

Accordingly, appellant has
failed to establish that trial counsel was ineffective.  Moreover, we cannot say that there is no
plausible basis for trial counsel=s action.  Therefore, we will
not make a finding of ineffectiveness based on speculation.  Appellant=s second point is overruled.

 

 








V.  Conclusion

Having overruled appellant=s two points, we affirm the trial court=s judgment.

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
May 10, 2007

 

 











[1]See Tex. R. App. P. 47.4.





[2]The
only bad checks entered into evidence at trial were the checks appellant wrote
to Midway Pines.  However, appellant
admitted to writing many other bad checks to pay for sex and
methamphetamine.