COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-250-CR

 

 

ULBER KABA                                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 235TH
DISTRICT COURT OF COOKE COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction

Appellant Ulber Kaba appeals his twenty-year
sentence and $10,000 fine for sexual assault of a child.  In one issue, appellant complains that his
trial counsel was ineffective for not objecting to the prosecutor=s improper
jury argument.  We affirm.

 








II. 
Background Facts and Procedural History

Appellant was indicted and tried for sexually
assaulting Sally Ann Smith[2],
a sixteen-year-old girl, in a hotel room. 
Appellant fled during the guilt-innocence phase of trial.[3]  The defense presented no witnesses, and a
jury found appellant guilty.

At the punishment phase of trial, the State
introduced evidence of appellant=s
previous misdemeanor convictions for driving while intoxicated (DWI) and assault
and testimony from a witness who claimed that appellant had attempted to
sexually assault her several months prior to the Smith assault; the defense
presented no evidence in the punishment phase either.  During closing arguments, the prosecutor, in a
plea for maximum punishment, stated, AYou
know, in the Court=s Charge, twenty years don=t mean
twenty years.  But that=s the
best you can do.@ 
Appellant=s trial counsel did not object
to this comment.   








Subsequently, a jury assessed appellant=s
punishment at twenty years=
incarceration and fined him $10,000; the trial court sentenced him
accordingly.  Appellant filed a motion
for new trial alleging, among other things, that trial counsel was ineffective
by not relaying a plea offer from the State and by encouraging appellant to
flee during trial.  After a hearing, the
trial court denied the motion.  This
appeal followed.    

III. 
Ineffective Assistance of Counsel

In his sole issue, appellant asserts that trial
counsel was ineffective for not objecting to the prosecutor=s
closing argument made in violation of article 37.07 of the code of criminal
procedure, which mandates that the jury may not consider the manner in which
the parole laws may be applied to a particular defendant.  Tex.
Code Crim. Proc. Ann. art. 37.07, ' 4(a)
(Vernon 2006).  

A. 
Standard Of Review

To establish an ineffective assistance of counsel
claim, appellant must show by a preponderance of the evidence that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62-63
(Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999).








In evaluating the effectiveness of counsel under
the first prong, we look to the totality of the representation and the
particular circumstances of each case.  Thompson,
9 S.W.3d at 813.  The issue is whether
counsel=s
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688-89,
104 S. Ct. at 2065.  Review of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that trial counsel=s
conduct fell within a wide range of reasonable representation.  Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 63.  A reviewing court will
rarely be in a position on direct appeal to fairly evaluate the merits of an
ineffective assistance claim.  Thompson,
9 S.W.3d at 813-14.  AIn the
majority of cases, the record on direct appeal is undeveloped and cannot
adequately reflect the motives behind trial counsel=s
actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany allegation
of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.@  Id. 
(quoting Thompson, 9 S.W.3d at 813).








Under the second prong of Strickland, an
appellant must show that counsel=s errors
were so serious that they deprived him of a fair trial.  Strickland, 466 U.S. at 687, 104 S.
Ct. at 2064.  In other words, appellant
must show there is a reasonable probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding whose result is being challenged.  Id. at 697, 104 S. Ct. at 2070.

B. 
Analysis

Appellant
has a difficult burden in proving ineffective assistance of counsel.  As the court of criminal appeals explained in
Thompson,

 

[a] substantial risk of
failure accompanies an appellant=s claim of ineffective assistance on direct
appeal.  Rarely will a reviewing court be
provided the opportunity to make its determination on direct appeal with a
record capable of providing a fair evaluation of the merits of the claim
involving such a serious allegation.  In
the majority of instances, the record on direct appeal is simply undeveloped
and cannot adequately reflect the failings of trial counsel.

 








9 S.W.3d at 813-14 (footnote omitted). 
Thus, to successfully demonstrate trial counsel=s
ineffectiveness, appellant must present evidence, usually through a motion for
new trial or a habeas corpus proceeding, illustrating trial counsel=s
strategy.  Id.; see also Kemp v.
State, 892 S.W.2d 112, 115 (Tex. App.CHouston
[1st Dist.] 1994, pet. ref=d).    Here, appellant filed a motion for new trial
alleging ineffective assistance. 
However, he made only two ineffective assistance allegations in this
motion and at the hearing on the motion: 
(1) that counsel failed to communicate a plea offer; and (2) that  counsel told him to flee the jurisdiction
during trial.  In an affidavit, appellant=s trial
counsel responded to these allegations.[4]  Appellant=s
counsel did not explain why he did not object to the prosecutor=s
closing argument regarding parole laws, because that allegation was not raised
in the motion for new trial or at the hearing. 

Thus, we have no evidence from trial counsel=s
perspective concerning why he did not object to the prosecutor=s
comment about parole laws during closing arguments in the punishment phase of trial.  Generally, when the record contains no
evidence of the reasoning behind trial counsel=s
conduct, we cannot conclude that trial counsel=s
performance was deficient.  See Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  If there is any plausible basis for trial
counsel=s
actions, we are not required to speculate on the reasons for those actions when
confronted with a silent record.  Id.;
see also McCoy v. State, 996 S.W.2d 896, 900 (Tex. App.CHouston
[14th Dist.] 1999, pet. ref=d).  








We cannot say that there is no plausible basis
for trial counsel=s failure to object to the
prosecutor=s argument, and we will not make
a finding of ineffectiveness based on speculation.  Accordingly, we hold that appellant has
failed to establish that trial counsel was ineffective.  

IV. 
Conclusion

We overrule appellant=s sole
issue and affirm the trial court=s
judgment.

 

 

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL F:    LIVINGSTON,
DAUPHINOT, and HOLMAN, JJ

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: June 21, 2007

 











[1]See Tex. R. App. P. 47.4.





[2]A pseudonym used by the
victim.





[3]It is unclear from the
record exactly when appellant returned to the trial or punishment
proceedings.  However, he was present for
sentencing. 





[4]Appellant does not assert
these allegations on appeal.