KABA V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-250-CR

ULBER KABA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Ulber Kaba appeals his twenty-year sentence and $10,000 fine for sexual assault of a child.  In one issue, appellant complains that his trial counsel was ineffective for not objecting to the prosecutor’s improper jury argument.  We affirm.

II.  Background Facts and Procedural History

Appellant was indicted and tried for sexually assaulting Sally Ann Smith
(footnote: 2), a sixteen-year-old girl, in a hotel room.  Appellant fled during the guilt-innocence phase of trial.
(footnote: 3)  The defense presented no witnesses, and a jury found appellant guilty.

At the punishment phase of trial, the State introduced evidence of appellant’s previous misdemeanor convictions for driving while intoxicated (DWI) and assault and testimony from a witness who claimed that appellant had attempted to sexually assault her several months prior to the Smith assault; the defense presented no evidence in the punishment phase either.  During closing arguments, the prosecutor, in a plea for maximum punishment, stated, “You know, in the Court’s Charge, twenty years don’t mean twenty years.  But that’s the best you can do.”  Appellant’s trial counsel did not object to this comment.   

Subsequently, a jury assessed appellant’s punishment at twenty years’ incarceration and fined him $10,000; the trial court sentenced him accordingly.  Appellant filed a motion for new trial alleging, among other things, that trial counsel was ineffective by not relaying a plea offer from the State and by encouraging appellant to flee during trial.  After a hearing, the trial court denied the motion.  This appeal followed.    

III.  Ineffective Assistance of Counsel

In his sole issue, appellant asserts that trial counsel was ineffective for not objecting to the prosecutor’s closing argument made in violation of article 37.07 of the code of criminal procedure, which mandates that the jury may not consider the manner in which the parole laws may be applied to a particular defendant.  
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 4(a) 
(Vernon 2006).  

A.  Standard Of Review

To establish an ineffective assistance of counsel claim, appellant must show by a preponderance of the evidence that his counsel’s representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel’s deficiency, the result of the trial would have been different.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel’s assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  Review of counsel’s representation is highly deferential, and the reviewing court indulges a strong presumption that trial counsel’s conduct fell within a wide range of reasonable representation.  
Salinas
, 163 S.W.3d at 740; 
Mallett
, 65 S.W.3d at 63.  A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.  
Thompson
, 9 S.W.3d at 813-14.  “In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel’s actions.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Mallett
, 65 S.W.3d at 63).  To overcome the presumption of reasonable professional assistance, “any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.”  
Id.
  (quoting 
Thompson
, 9 S.W.3d at 813).

Under the second prong of 
Strickland, 
an appellant must show that counsel’s errors were so serious that they deprived him of a fair trial.  
Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

B.  Analysis

Appellant has a difficult burden in proving ineffective assistance of counsel.  As the court of criminal appeals explained in 
Thompson
,

[a] substantial risk of failure accompanies an appellant’s claim of ineffective assistance on direct appeal.  Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing a fair evaluation of the merits of the claim involving such a serious allegation.  In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel.

9 S.W.3d at 813-14 (footnote omitted).  Thus, to successfully demonstrate trial counsel’s ineffectiveness, appellant must present evidence, usually through a motion for new trial or a habeas corpus proceeding, illustrating trial counsel’s strategy.  
Id.; see also Kemp v. State,
 892 S.W.2d 112, 115 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d).
 Here, appellant filed a motion for new trial alleging ineffective assistance.  However, he made only two ineffective assistance allegations in this motion and at the hearing on the motion:  (1) that counsel failed to communicate a plea offer; and (2) that  counsel told him to flee the jurisdiction during trial.  In an affidavit, appellant’s trial counsel responded to these allegations.
(footnote: 4)  Appellant’s counsel did not explain why he did not object to the prosecutor’s closing argument regarding parole laws, because that allegation was not raised in the motion for new trial or at the hearing. 

Thus, we have no evidence from trial counsel’s perspective concerning why he did not object to the prosecutor’s comment about parole laws during closing arguments in the punishment phase of trial.  Generally, when the record contains no evidence of the reasoning behind trial counsel’s conduct, we cannot conclude that trial counsel’s performance was deficient.  
See Jackson v. State,
 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  If there is any plausible basis for trial counsel’s actions, we are not required to speculate on the reasons for those actions when confronted with a silent record. 
 Id.; see also McCoy v. State,
 996 S.W.2d 896, 900 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d).  

We cannot say that there is no plausible basis for trial counsel’s failure to object to the prosecutor’s argument, and we will not make a finding of ineffectiveness based on speculation.  Accordingly, we hold that appellant has failed to establish that trial counsel was ineffective.  

IV.  Conclusion

We overrule appellant’s sole issue and affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL F: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: June 21, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
A pseudonym used by the victim.

3:
It is unclear from the record exactly when appellant returned to the trial or punishment proceedings.  However, he was present for sentencing. 

4:
Appellant does not assert these allegations on appeal.