**Opinion issued March 10, 2022**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-21-00240-CR**

_____

**JEFF MARTINEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1454459**

---

**MEMORANDUM OPINION**

Appellant, Jeff Martinez, pleaded guilty to the offense of manslaughter and true to an enhancement paragraph, and the trial court assessed his punishment at 10 years' confinement. After this Court dismissed appellant's first appeal as untimely,

*see Martinez v. State*, No. 01-18-00225-CR, 2018 WL 3733260 (Tex. App.—Houston [1st Dist.] Aug. 7, 2018, no pet.) (mem. op., not designated for publication), the Texas Court of Criminal Appeals granted appellant this out-of-time appeal. In his sole issue, appellant contends that this appeal should be abated for a hearing on his motion for new trial. We decline appellant's request to abate the appeal and affirm the trial court's judgment.

## BACKGROUND

Appellant was indicted for murder. On May 4, 2017, he pleaded guilty to the reduced charge of manslaughter without a plea bargain as to his sentence. On October 24, 2017, the trial court held a presentence-investigation hearing, after which it assessed appellant's punishment at 10 years' confinement.

On November 17, 2016, appellant timely filed a "Motion for New Trial and or Reconsideration of Sentence." *See* TEX. R. APP. P. 21.4. The motion acknowledged that "[t]he hearing must be held within 75 days after the sentence or the motion is overruled by operation of law." The motion further asserted:

> The conviction in this case is contrary to the law and the evidence. Texas Rules of Appellate Procedure 21.3. The defendant was sentenced to 10 years in the TDCJ. The sentence far exceed [sic] for the offense for which the defendant is convicted on. The sentence of ten years does not take in consideration that the defendant had a clear self defense of him self [sic] and third parties. There was a planned fight. It went from a fist fight with the girls to a shooting by the boys. The decedent had a gun and he pointed and shot first.

2

The trial court has discretion to grant a new trial in the interest of justice as the Court of Criminal appeals has emphasized.

Appellant's motion for new trial was supported by two affidavits. First, appellant's counsel averred that "the information contained in this motion for new trial is true and correct to the best of my knowledge." Second, Francis Rodriguez averred as follows:

> I personal [sic] know Jeff Martinez. I work for the Houston Galveston Area Council as a public [outreach] specialist. I have no criminal record. Jeff Martinez is not the type of person to cause violence and is very generous to me and our family. He did not take a gun to the fight as he does not own a gun. We attend church regularly and he helps us with my nephews and nieces. He helps with the elderly in our community and church. He helps at Second Blessing with [sic] is a goodwill store. He is an asset to the community.

Appellant's motion for new trial hearing was set on January 3, 2018. On that date, the trial court granted an agreed motion to continue the hearing until January 24, 2018.[1] The hearing on the motion finally took place on February 8, 2018. Because both the January 24 and the February 8 hearing dates were more than 75 days after the judgment was rendered, appellant's motion for new trial was overruled by operation of law on January 8, 2018. *See* TEX. R. APP. P. 21.8. (providing that trial "court must rule on a motion for new trial within 75 days after

---

[1] Apparently, appellant was not at the hearing on January 3rd and deputies "could not bring [appellant] over" until January 24th because the trial court was sharing a courtroom with another judge because of damage caused by Hurricane Harvey.

3

imposing . . . sentence in open court" and that "motion not timely ruled on by written order will be deemed denied when [75-day] period expires").

At the untimely hearing on February 8, which was held after the motion was overruled by operation of law, appellant presented two witnesses, both of whom testified about the circumstances of the shooting for which appellant was convicted. Specifically, both witnesses testified that the decedent first pulled and fired a weapon in an attempt to break up a fistfight between two women and that appellant then returned fire killing the decedent.

Appellant also testified at the hearing that he was not the first person to shoot, but that, after the decedent began shooting, he retrieved a gun and returned fire. He also testified that, after the shooting, he was gainfully employed, he got engaged, and he went to church regularly. He stated that when the State offered to reduce the charges to manslaughter, he agreed to plead guilty because he was hoping to receive probation.

After appellant and the two witnesses testified[2] at the February 8th hearing, the trial court denied the motion for new trial, stating:

> Unless there's a previous finding of ineffective assistance, the
> standard of review on a motion for new trial is that there must be
> some newly discovered evidence which is material and favorable to

---

[2] We note that Francis Rodriguez, the affiant whose affidavit was attached to appellant's motion for new trial, did not testify at the untimely motion-for-new-trial hearing.

4

the accused. I find that there is no such evidence; and, therefore, my ruling is that the defendant's motion for new trial is denied.

On March 6, 2018, appellant filed an untimely notice of appeal. Accordingly, this Court dismissed the appeal for want of jurisdiction. *See Martinez*, 2018 WL 3733260 at *1. Pursuant to Texas Code of Criminal Procedure article 11.07, appellant filed a post-conviction application for habeas corpus relief, which the Texas Court of Criminal Appeals granted, stating, "Applicant may file an out-of-time appeal of his conviction in cause number 145445901010 from the 351st District Court of Harris County." *Ex parte Martinez*, No. WR-90,574-01, 2021 WL 1556101, *1 (Tex. Crim. App. April 21, 2021) (per curiam).

On May 6, 2021, appellant, as authorized by the Texas Court of Criminal Appeals, filed a second notice of appeal in this Court.

## ENTITLEMENT TO HEARING ON MOTION FOR NEW TRIAL?

In his sole issue in this out-of-time appeal, appellant contends that "this appeal should be abated so that the trial court can conduct a hearing on the motion for new trial within the 75-day deadline[.]"[3] The State responds that appellant has waived his complaint that he is entitled to a hearing on his motion for new trial.

---

[3] Appellant was not authorized to file a second motion for new trial and did not do so. *See McCoy v. State*, 996 S.W.2d 896, 900–01 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (holding that trial court had no jurisdiction to rule on second motion for new trial filed after Texas Court of Criminal Appeals authorized out-of-time appeal only). Instead, appellant contends that the trial court should hold *another* hearing on his previously filed motion for new trial, this one timely.

We agree that appellant has forfeited his right to argue about the trial court's failure to hold a hearing on his motion for new trial, but for a different reason than that offered by the State.

### *Did appellant waive his right to complain about the lack of a hearing?*

In *Montelongo v. State*, 623 S.W.3d 819 (Tex. Crim. App. 2021), the defendant timely filed a motion for new trial and requested a hearing. *Id.* at 821. The trial court scheduled the hearing for a date within the 75 days authorized by Texas Rule of Appellate Procedure 21.8. *See id.* at 821–22. However, the trial court *sua sponte* cancelled the hearing, and the motion was overruled by operation of law. *Id.* at 822. The court of appeals overruled the defendant's issue, in which he complained that the trial court erred by failing to hold a hearing on his motion. *Id.* In so holding, the court of appeals noted that there was nothing in the record to show that the defendant rescheduled or attempted to reschedule his hearing or that he obtained a ruling on his motion for new trial. *Id.* As such, the court of appeals concluded that the defendant had not preserved the alleged error for appeal. *Id.*

The Texas Court of Criminal Appeals, in *Montelongo*, granted the defendant's petition for discretionary review to consider "whether or not the [court of appeals] erred in finding that [he] waived his right to a hearing on a properly presented and filed motion for new trial." *Id.* Applying Texas Rule of Appellate Procedure 33.1, the court concluded that, because the trial court did not err until it

allowed the motion to be overruled by operation of law without a hearing, the grounds for an objection were not apparent until the trial court was unable to do anything about it and no further objection was required. *Id.* at 823–24. "Because the issue arises at a time when the trial court loses jurisdiction over the case, we hold that a contemporaneous objection is not necessary to preserve the issue of a trial court's failure to hold a hearing on a motion for new trial when the motion is overruled by operation of law." *Id.* at 824. The court then concluded that the defendant had properly preserved error by filing the motion and timely requesting a hearing, and that no further objection was required after the trial court *sua sponte* cancelled the hearing and allowed the motion to be overruled by operation of law. *Id.*

Under the reasoning of *Montelongo*, by filing a timely motion for new trial, which he properly presented to the trial court, appellant preserved the error of which he he now complains. But, even though this case does not involve an error-preservation issue under *Montelongo*, it does present an estoppel issue.

### *Is appellant estopped from complaining about the lack of a hearing?*

In *Montelongo*, the trial court *sua sponte* cancelled the hearing that the defendant had timely requested and had set. *Id.* at 822. However, in this case, when the parties appeared at the timely scheduled January 3, 2018 hearing, the trial court noted, "Counsel for both sides are present, and we have an agreed motion to

continue this hearing until the date of January 24th of 2018." The court then stated, "[t]he agreed order to continue will be granted," and the hearing was continued, as requested, until January 24, 2018.[4]

The invited-error doctrine provides that a party cannot take advantage of an error that he invited or caused, even if such error is fundamental. *Woodall v. State,* 336 S.W.3d 634, 644 (Tex. Crim. App. 2011) (citing *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999)); *Wynn v. State,* 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("It is a well-settled principle of law that a criminal defendant cannot invite error and then complain of it on appeal."). "A party is estopped from seeking appellate relief based on error that it induced." *Woodall*, 336 S.W.3d at 644; *see also Prystash*, 3 S.W.3d at 531 ("[T]he law of invited error estops a party from making an appellate error of an action it induced."). Holding otherwise permits the party to "take advantage of his own wrong." *Woodall*, 336 S.W.3d at 644; *see also Prystash*, 3 S.W.3d at 531 ("Where a party by a request for a ruling leads the court into error, he should be precluded from claiming a reversal of the judgment by reason of the error so committed. To hold otherwise would be to permit him to take advantage of his own wrong.").

---

[4] The 75-day period for a timely ruling on the motion for new trial expired on January 8, 2018. Both the January 24 reset date and the ultimate hearing date and ruling on February 8, 2018 were untimely. *See State v. Moore*, 225 S.W.3d 556, 562 n.27 (Tex. Crim. App. 2007) (holding that hearing conducted after motion for new trial has been overruled by operation of law is unauthorized).

Here, the trial court convened a timely motion-for-new-trial hearing on January 3, 2018, but, on the parties' joint motion, it reset the hearing for a date after which it could no longer rule on the motion. *See Montelongo*, 623 S.W.3d at 823 (stating that "once a motion for new trial is overruled by operation of law, the trial court loses jurisdiction to rule upon it"). Because appellant's own request induced the error he complains of on appeal, we hold that appellant is estopped from arguing that he is entitled to a hearing on his motion for new trial. To hold otherwise would impermissibly enlarge the trial court's jurisdiction by giving it another opportunity to rule on a motion for new trial that was overruled by operation of law. *See In re State ex rel. Ogg*, 618 S.W.3d 361, 364 (Tex. 2021) (noting that trial court cannot "create jurisdiction for itself where the jurisdiction would be otherwise absent").

The Texas Court of Criminal Appeals granted appellant an out-of-time appeal, but it did not confer jurisdiction on the trial court to hold an out-of-time motion for new-trial hearing. *See McCoy v. State*, 996 S.W.2d 896, 900–01 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (holding that trial court had no jurisdiction to rule on second motion for new trial filed after Texas Court of Criminal Appeals authorized out-of-time appeal only). Because the Texas Court of Criminal Appeals did not authorize a second, timely motion for new trial hearing,

we will not abate the case to permit one thereby enlarging the trial court's jurisdiction through appellant's invited error.

Accordingly, we overrule appellant's sole issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Countiss and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).