

# IN THE
# TENTH COURT OF APPEALS

No. 10-10-00405-CR
No. 10-10-00406-CR
No. 10-10-00407-CR
No. 10-10-00408-CR
No. 10-10-00409-CR

**JUSTIN TYLER DAVIS,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

**From the 272nd District Court**
**Brazos County, Texas**
**Trial Court Nos. 09-02131-CRF-272, 09-02132-CRF-272, 09-02133-CRF-272,**
**09-02134-CRF-272 and 09-02135-CRF-272**

## ORDER

Justin Tyler Davis was convicted on twenty-five counts (five counts in five cases)

of possession of child pornography. The five cases were tried together. Davis

appealed, raising four identical issues in each case. None of the issues involved a

sufficiency of the evidence complaint, thus a review of the entire record was not

required. Davis did not contend on appeal that the images were not child pornography.

His convictions were affirmed by this Court on February 29, 2012. We issued our

mandates on July 17, 2012.

Since that time, Davis has requested a copy of various portions of the reporter's

record in his appeals, including copies of photographs admitted into evidence.

Article 38.45 of the Texas Code of Criminal Procedure, entitled **Evidence**

**Depicting or Describing Abuse of or Sexual Conduct By Child or Minor**, provides:

> (a) During the course of a criminal hearing or proceeding, the court may not make available or allow to be made available for copying or dissemination to the public property or material:
> (1) that constitutes child pornography, as described by Section 43.26(a)(1), Penal Code;
> (2) the promotion or possession of which is prohibited under Section 43.261, Penal Code; or
> (3) that is described by Section 2 or 5, Article 38.071, of this code.
> (b) The court shall place property or material described by Subsection (a) under seal of the court on conclusion of the criminal hearing or proceeding.
> (c) The attorney representing the state shall be provided access to property or material described by Subsection (a). In the manner provided by Article 39.15, the defendant, the defendant's attorney, and any individual the defendant seeks to qualify to provide expert testimony at trial shall be provided access to property or material described by Subsection (a).
> (d) A court that places property or material described by Subsection (a) under seal may issue an order lifting the seal on a finding that the order is in the best interest of the public.

TEX. CODE CRIM. PROC. ANN. art. 38.45 (West Supp. 2013). The article requires the trial

court to make the order sealing the "property or material described by Subsection (a)"

at the conclusion of the trial. *Id*. (b). It does not appear that this was done at the

conclusion of Davis's trials. We have been unable to identify specific authority for this Court to seal any part of the record. Because Davis's criminal trials were for the offense of possession of child pornography, we have grave concerns about providing Davis with a copy of the record without a sealing order pursuant to Article 38.45 having been issued.

Accordingly, the trial court is ORDERED to review the reporter's record, a duplicate of which is in the possession of the trial court clerk, *see* TEX. R. APP. P. 34.6(h), in compliance with article 38.45 and seal those portions of the record required to be sealed pursuant to subsections (a) and (b) set out above within 42 days from the date of this order. The review must include a review of the original exhibits admitted at trial which are required to now be in the possession of the trial court clerk. *See* TEX. R. APP. P. 34.6(g)(1). The trial court is also ORDERED to notify the trial court clerk and this Court within 49 days from the date of this order precisely what portions of the record were ordered sealed so that the record in the possession of this Court and any copies in the possession of the trial court clerk may be sealed in conformity with the trial court's order.

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Order issued and filed December 19, 2013
Publish