

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-15-00299-CR

## IN RE  JUSTIN TYLER DAVIS

_____

## Original Proceeding

_____

## From the 272nd District Court
## Brazos County, Texas
## Trial Court Nos. 09-02131-CRF-272, 09-02132-CRF-272,
## 09-02133-CRF-272, 09-02134-CRF-272 and 09-02135-CRF-272

_____

## MEMORANDUM  OPINION

_____

In this original proceeding, relator Justin Tyler Davis has filed a pro se petition for

writ of mandamus[1] that complains about the allegedly erroneous sealing of certain

exhibits under Code of Criminal Procedure article 38.45 by the trial court in its March 10,

---

[1] The petition has several procedural deficiencies.  It lacks proof of service; a copy of all documents presented to this Court must be served *on all parties* (*i.e.*, the district attorney, as real party in interest, and the trial court judge, as respondent) and must contain proof of service.  TEX. R. APP. P. 9.5, 52.2.  It lacks an appendix and a record.  *Id.* 52.3(k), 52.7.  It does not include the certification required by Rule 52.3(j).  *Id.* 52.3(j).  To expedite this matter, we invoke Rule of Appellate Procedure 2 to suspend these requirements. *Id.* 2.

2014 order.  *See* TEX. CODE CRIM. PROC. ANN. art. 38.45 (West Supp. 2014).

After we affirmed his convictions on twenty-five counts (five counts in five cases) of possession of child pornography and our mandate had issued,[2] Davis sought copies of portions of the record from the Clerk of this Court, including exhibits that are photographs.  It appeared that a sealing order under article 38.45 had never been entered by the trial court at the conclusion of Davis's criminal proceedings, so we issued an order directing the trial court to review the record and to seal those portions of the record required to be sealed under article 38.45.  *Davis v. State,* 440 S.W.3d 266 (Tex. App.—Waco 2013, order).  The trial court then issued its March 10, 2014 order that is the subject of this original proceeding.

"Mandamus is an extraordinary remedy, 'to be used sparingly.' "  *In re Piper,* 105 S.W.3d 108, 109 (Tex. App.—Waco 2003, orig. proceeding) (citing and quoting *Guerra v. Garza,* 987 S.W.2d 593, 594 (Tex. Crim. App. 1999) (orig. proceeding); *In re Verbois,* 10 S.W.3d 825, 828 (Tex. App.—Waco 2000, orig. proceeding) ("compelling circumstances" required)).  "A party's right to mandamus relief generally requires a predicate request for some action and a refusal of that request."  *In re Perritt,* 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding); *see Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals,* 910 S.W.2d 481, 484 n.4 (Tex. Crim. App. 1995) (orig. proceeding).  "As a rule, mandamus is not available to compel an action which has not first been demanded and refused."  *Terrazas*

---

[2] None of his issues on appeal involved sufficiency of the evidence, so a review of the entire record was unnecessary, and Davis did not contend on appeal that the images were not child pornography.  *See Davis v. State,* No. 10-10-00405-CR, 2012 WL 662315 (Tex. App.—Waco Feb. 29, 2012, pet. ref'd) (mem. op., not designated for publication).

*v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) (orig. proceeding).

Because Davis has not raised his complaints about the March 10, 2014 order in the

trial court, we deny the petition for writ of mandamus.


                                    REX D. DAVIS
                                    Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Denied
Opinion delivered and filed September 17, 2015
Do not publish
[OT06]

